Edward Louis SEFCHECK #29852,
Petitioner,

v.

L. V. BREWER, Warden, Respondent.

Civ. No. 2–442–E.

United States District Court
S. D. Iowa, E. D.
July 14, 1969.

James P. Hoffman, Keokuk, Iowa, for petitioner.

William A. Claerhout and David A. Elderkin, Asst. Attys. Gen., Des Moines, Iowa, for respondent.

## ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court on the petition of Edward Louis Sefcheck for a writ of habeas corpus.

On July 3, 1968, this Court entered an order denying the petition. On August 6, 1968, counsel entered an appearance on behalf of petitioner for the first time and filed an application for a certificate of probable cause for appeal. Said application was denied on August 12, 1968, and counsel for petitioner subsequently applied to the Court of Appeals for a certificate. In his application, counsel asserted that petitioner's appeal in part

would be based upon the questionable right of the State of Iowa to increase the punishment of petitioner after nullifying his first conviction. Implicit within the application was the question of "double punishment" by reason of the prior time served by petitioner on the voided charge. The Court of Appeals recognized that these issues had not been presented by the *pro se* petition filed in this Court, and were not considered in the order of July 3, 1968, and remanded the case to this Court with leave granted to amend the original petition and present the said issues. The requested amendment was filed May 1, 1969, and an oral hearing was held on May 13, 1969. Following said hearing the Court entered an order reserving ruling on this matter until such time as the Supreme Court ruled on similar issues then before it. The Supreme Court has since ruled, and this matter is now ready for decision.

On June 2, 1966, a County Attorney's Information was filed in the Story County Iowa District Court charging the petitioner with the crime of uttering a false check in violation of Section 713.3 of the Code of Iowa (1966). Subsequently the petitioner was convicted on a plea of guilty and sentenced to the Iowa State Penitentiary for a term not to exceed seven years.

On October 29, 1966, petitioner filed a petition for habeas corpus with the Lee County Iowa District Court contending a violation of Section 777.12 of the Iowa Code, and on December 9, 1966, a hearing was held while petitioner was in prison. By an Order dated December 20, 1966, the Lee County District Court found that petitioner's plea and the subsequent judgment pronouncing sentence thereon were void as being in violation of Section 777.12 of the Iowa Code because from the record it could be interpreted that he did not personally and in the presence of legal counsel enter his plea. It was ordered that petitioner be returned to the Story County District Court for "sentencing in accordance with the requirements of 777.12 of the 1966 Code of Iowa."

On January 30, 1967, petitioner was returned to the Story County District Court. Counsel was appointed February 6, 1967. On February 14, 1967, the petitioner asked to withdraw his plea, the County Attorney dismissed the pending information under Section 713.3 and a new information charging the petitioner with uttering a forged instrument in violation of Section 718.2 of the Iowa Code was filed. This charge carries a penalty of not more than ten years. Petitioner entered a plea of not guilty. It is undisputed that the new charge was based on the same check and the same conduct as the first charge.

On March 27, 1967 a trial was held, petitioner was convicted by jury, and a sentence of imprisonment in the state penitentiary for not more than ten years was imposed. No credit was given to petitioner on the ten year sentence for the approximately nine months that he served on the seven year sentence for uttering a false check, nor was credit given for the good time and honor time that he earned on the said seven year sentence.

The petition herein, as amended, alleges that "the charges of Section 718.2 of the Iowa Code constituted conditional double jeopardy, a denial of fundamental fairness under the due process clause, a denial of equal protection of the laws and a violation of declared procedural policy which would prevent an undue or unfair conditioning or limiting of the right of appeal, thereby violating petitioner's constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution." The Court is of the view that this case is controlled by the decision of the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (U.S. June 23, 1969) and that the petition must be granted.

██ ██ At the outset, it is well to recognize the difference between the situa-

tion presented here and those presented in *Pearce*. In *Pearce*, the defendants were retried on the same charges and given greater sentences than had been given on their original voided convictions. In the instant case, after his initial conviction was voided, petitioner was tried for a different offense carrying a greater punishment.[1]

This Court deems this difference to be of little importance. The Supreme Court stated, in *Pearce, supra*, at 395 U.S. at 723, 89 S.Ct. at 2080,

> A court is "without right to * * * put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered. * * * [I]t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice" * * *.

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

This same principle must apply to all state officials, including the county attorney. Fear that the county attorney may vindictively increase the charge would act to unconstitutionally deter the exercise of the right of appeal or collateral attack as effectively as fear of a vindictive increase in sentence by the court.

■ ■ The respondent argues, however, that the same act can supply evidence for conviction of more than one crime, and that the county attorney has discretion as to which of several charges will be presented. The Court agrees with these general statements, and nothing in this order should be construed to limit the discretion of a prosecutor, prior to trial, as to what charge or charges will be presented. However, once, as here, a conviction has been obtained, even though it may later be voided on appeal or collateral attack, the language and holding of *Pearce* lead to the inescapable conclusion that the charge may not be increased so as to subject the defendant to greater punishment, unless there is some legally justified, compelling reason for so doing. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (June 23, 1969); Rice v. Simpson, 274 F.Supp. 116, 121 & n. 4 (M.D.Ala.1967). It is equally unfair to use the great power given to the county attorney to determine what charge a defendant will face to place a defendant in the dilemma of making an unfree choice as to whether to appeal or to make a collateral attack. As in *Pearce*, "the fact remains that neither at the time [the increased charge was filed], nor at any stage in this habeas corpus proceeding, has the State offered any reason or justification for that [increased charge] beyond the naked power to impose it." 395 U.S. at 726, 89 S.Ct. at 2081. It is clear from the above discussion that the sentence imposed by the Story County District Court must be set aside as void.

■ This leaves the question of further proceedings. Petitioner has now been subjected to imprisonment twice on convictions later found to be void. This does not excuse or justify his criminal actions, however, and the public has a

---

1. Upon conviction of the petitioner, the trial judge had no choice of whether to increase the sentence. Under Iowa's indeterminate sentence law, the judge may, if he determines that a penitentiary term is required, impose only the statutory maximum sentence. State v. Kulish, 260 Iowa 138, 145, 148 N.W.2d 428 (1967);

State v. Simpson, 254 Iowa 637, 645, 118 N.W.2d 606 (1962). The ultimate determination of the length of sentence within the statutory maximum rests with the parole board. State v. Kulish, *supra*. The increased sentence in this case flows from the actions of the prosecuting attorney, not from those of the court.

right to protection from criminal conduct, just as petitioner has constitutional rights which must be protected. Section 2243 of Title 28, U.S.C. provides that "[t]he court * * * shall dispose of the matter as law and justice require." The statute does not limit the relief that may be granted to immediate discharge from physical custody. Rather the Court has the power to fashion an appropriate remedy. Carafas v. La-Vallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Peyton v. Rowe, 391 U.S. 54, 66–67, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968). Neither petitioner nor respondent has presented evidence or informed the Court of the amount of time served or the good time and honor time earned. If petitioner is to be retried, all time served and good and honor time must be credited to any new sentence which may be imposed. North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072 (June 23, 1969).

It is ordered, adjudged and decreed that the conviction of Edward Louis Sefcheck in the Story County Iowa District Court on April 5, 1967, for uttering a forged instrument in violation of Section 718.2, is void and of no force or effect.

It is further ordered, adjudged and decreed that the petitioner, Edward Louis Sefcheck, is presently illegally incarcerated by the respondent, L. V. Brewer, by reason of the sentence imposed by the Story County Iowa District Court on April 5, 1967.

It is further ordered that Edward Louis Sefcheck be discharged from the custody of the State of Iowa and the custody of L. V. Brewer as Warden of the Iowa State Penitentiary, Fort Madison, Iowa, which custody is or may be pursuant to a mittimus issued from the Story County Iowa District Court pursuant to petitioner's conviction for the crime of uttering a forged instrument, for which sentence was entered April 5, 1967, unless petitioner be first tried for the crime of uttering a false check in violation of Section 713.3, Code of Iowa

(1966), within 90 days of the date of this order.

It is further ordered that, in the event petitioner is retried and convicted for the crime of uttering a false check in violation of Section 713.3, Code of Iowa (1966), full credit toward the sentence imposed must be granted for: All periods of imprisonment previously served under the invalid convictions described herein, all good time under the provisions of Section 246.39, Code of Iowa (1966) earned by him during said periods of imprisonment, and all honor time under the provisions of Section 246.43, Code of Iowa (1966), earned by him during said periods of imprisonment.