William F. **TORRANCE**, Petitioner,

v.

David P. **HENRY**, Administrator, State of North Carolina, Respondents.

Civ. No. 2389.

United States District Court
E. D. North Carolina,
Raleigh Division.

Oct. 15, 1969.

William F. Torrance, pro se.

Robert Morgan, Atty. Gen. of North Carolina, and Jacob L. Safron, Staff Atty., Raleigh, N. C., for respondents.

## ORDER

BUTLER, Chief Judge.

Petitioner, a state prisoner, seeks a writ of habeas corpus. He was convicted at the August 1, 1967, Session of the Sampson County Recorder's Court upon warrants charging him with

driving while his license was permanently revoked and resisting arrest, and sentenced to 12 months imprisonment. Petitioner appealed to the Superior Court of Sampson County and was tried *de novo*. In November 1967 the Superior Court sentenced him to consecutive terms of imprisonment of one to two years and 18 months to two years upon guilty pleas to driving while his license was revoked and to resisting arrest respectively. He has also been convicted and sentenced twice for escape, but the validity of those convictions is not in question here.

Petitioner as grounds for relief alleges:

(1) That he had no counsel at the original proceedings in the Sampson County Recorder's Court;

(2) That the Superior Court divided the charges that the Recorder's Court had consolidated for trial; and

(3) That the Superior Court imposed harsher sentences upon his appeal from the Recorder's Court.

■ As to the first ground for relief, petitioner admits in his petition that he privately retained counsel for his trial *de novo* in the Superior Court. He does not allege that he was not advised of his right to counsel or in any way prevented from retaining counsel for his trial in the Recorder's Court. The court is of the opinion that no prejudice has resulted from lack of counsel in the Recorder's Court since petitioner had counsel at a trial *de novo*.

■ The court is of the opinion that the second ground is frivolous and without merit because no federal question is presented.

■ As to the third ground, the respondent admits that the sentences imposed in the Superior Court are harsher than the 12-month sentence for the combined convictions in the Recorder's Court. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, decided June 23, 1969, holds that a harsher sentence at a new trial may be constitutionally imposed only if evidence of events subsequent to the first trial is presented which would justify an increase and the judge affirmatively bases the new sentence upon this evidence as a matter of record. In the present case the respondent has failed to show that any such evidence was the basis for the heavier second sentences.

Respondent contends that the *Pearce* case applies only in cases where there has been a successful attack on a conviction, not in cases of a trial *de novo* as presented here.

Applying the reasoning underlying *Pearce*, we perceive no material distinction between a case where the defendant's original conviction has been set aside, whether by appeal or collateral proceedings, and a new trial ordered, and a case where the defendant has appealed his orginal conviction, and received a trial *de novo*. In either case a harsher sentence at retrial is a violation of due process, unless justified by the subsequent events requirement as enunciated in *Pearce*.

The court is of the opinion that the burden is upon the respondent to show that petitioner's sentence was based upon evidence of subsequent events presented to the Superior Court of Sampson County and that respondent has failed to meet that burden. Now, therefore,

It is ordered that petitioner's application for a writ of habeas corpus be, and the same hereby is, granted.

It is further ordered that the State of North Carolina file in the office of the Clerk of this Court in the Federal Building, Raleigh, North Carolina, within ten days from the date of service of this Order, a statement certifying whether or not said State elects to resentence the petitioner, William F. Torrance, on or before December 1, 1969; that if the State of North Carolina does not elect to resentence petitioner, or if said State should so elect and fail to do so within the time specified, the court will entertain a motion on behalf of petitioner for an order releasing him from

727

all restraint imposed by virtue of the sentences at the November 1967, Term of the Superior Court of Sampson County.