**UNITED STATES ex rel. Robert WILLIAMS, Appellant,**

v.

**Hon. Daniel McMANN, Warden of Auburn State Prison, Auburn, New York, Appellee.**

**No. 233, Docket 34509.**

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1970.

Decided Dec. 7, 1970.

---

Robert S. Smith, New York City, for appellant.

Arlene R. Silverman, Asst. Atty. Gen. (Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of N. Y., of counsel), for appellee.

Before KAUFMAN, HAYS and GIBBONS,* Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

The question before us is whether a 5 to 10 year sentence which Robert Williams, an inmate of Auburn State Prison, is currently serving because of his conviction after trial for feloniously selling a narcotic drug is constitutionally invalid in view of the lighter indeterminate sentence of 3 to 7 years originally imposed upon his plea of guilty (later withdrawn) to the lesser charge of attempted felonious sale. We affirm Judge Foley's denial of a writ of habeas corpus.

### I.

Williams was indicted by the Onondaga County grand jury in 1963 for selling a packet of heroin, in violation of former New York Penal Law § 1751(1), McKinney's Consol. Laws, c. 40. Through his attorney, Williams negotiated an agreement with the district attorney whereby he would plead guilty if the prosecutor would agree to reduce the charge to an attempted sale of narcotics (former Penal Law § 1751(5) ). Williams was told by the district attorney that he could expect to be sentenced to an indeterminate term of 3 to 7 years on the lesser charge, and on May 14, 1964 the Onondaga County Court imposed the expected sentence. Within a few days, however, the state discovered that Williams had a prior felony conviction on his record dating back to 1949. Accordingly, on May 20, after less than a week in prison, Williams was returned to the court for mandatory sentencing as a second felony offender. As a recidivist the minimum sentence upon conviction for *attempt* would have been 3¾ years and the maximum 15 years (former Penal Law § 1941). In a *coram nobis* proceeding instituted that day, Williams sought permission to withdraw his guilty plea on the ground that his sentence as a second felony offender would be longer than the sentence he had bargained for. Williams's request was granted on May 27.

Williams was then tried and convicted before Judge Gale and a jury on the original charge in the indictment, which alleged a completed sale. At sentencing, Williams's attorney for the first time questioned the constitutionality of the older 1949 conviction. The prosecution did not take issue with the contention; Williams was accordingly treated as a first felony offender. Judge Gale then imposed a term of from five to ten years.

Thereafter Williams unsuccessfully sought appellate and collateral relief against this longer sentence in the New York courts. Eventually, he filed his petition in the district court. Upon the argument of this appeal Williams's counsel contended that the petitioner should have been tried for an attempt only, and should upon conviction have received a maximum sentence of 3 to 7 years—all of which had been the result of the plea bargaining.

### II.

Williams, with commendable candor, recognizes that the strength of his claim derives entirely from the Supreme Court's recent decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct.

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

2072, 23 L.Ed.2d 656 (1969).[1] *Pearce* and its companion case, Simpson v. Rice, concerned prisoners who had successfully attacked their convictions for assault and burglary. Upon reconviction for the same offenses, the prisoners had received substantially longer sentences.[2] In the Supreme Court they urged a blanket constitutional ban against such harsher sentences, enlisting three already well canvassed arguments based upon the double jeopardy, equal protection, and due process clauses.[3] The Court rejected each of the grounds for the proffered blanket rule, in favor of a narrower principle for vacating the sentence. Not a longer sentence *simpliciter*, but a longer sentence imposed *in retaliation* for the defendant's successful attack upon his first conviction, was constitutionally offensive, the Court said. And to assure the absence of such a motivation, the Court required that longer sentences upon reconviction for the same offense be justified by explicit reference to the defendant's behavior since the first sentencing. 395 U.S. at 726, 89 S. Ct. 2072.

 Williams rather simplistically urges us to apply the *Pearce* rule to vacate his second sentence, because it recites no such justification. But Williams's straightforward argument overlooks the glaring fact that Judge Gale's sentence was imposed upon conviction for a more serious crime. Given this complete and obvious explanation for the longer sentence, we see no need to demand the type of justification ordered in *Pearce*. Far from vindictively choosing to mete out a harsher sentence, Judge Gale did not have any discretion under the New York statute to impose the earlier 3 to 7 year term.[4] By contrast, the harsher resentencing in *Pearce* was not supported by any appropriate consideration or reasoning, and thus suggested retaliatory motivation. To view Williams's longer sentence with a presumption of vindictiveness would be an illogical application of the salutary *Pearce* rule to a situation far removed from the problem for which it was designed.

### III.

 Our inquiry does not end here, however, for the sentencing judge is not the only official who may wreak vengeance upon a defendant for a successful attack on his first conviction. We have no quarrel with the proposition that prosecutorial vindictiveness can be no less an affront to those values we characterize as "due process" than judicial vindictiveness.[5] *Pearce* would have application, if a prosecutor for no valid reason charged a defendant whose first conviction had been set aside, with a more serious offense based upon the same conduct. Williams claims he should be the beneficiary of the *Pearce* doctrine because the district attorney refused to permit him to plead innocent to the charge of *attempting* a felonious sale. This, he urges, was not adequately

---

1. Williams's second conviction became final before the date of the Supreme Court's decision in *Pearce*. Without deciding the question, we assume *arguendo* that *Pearce* is to be retroactively applied. See Pinkard v. Neil, 311 F.Supp. 711 (M.D.Tenn. 1970); Torrance v. Henry, 304 F.Supp. 725 (E.D.N.C.1969); Sefcheck v. Brewer, 301 F.Supp. 793 (S.D.Iowa 1969).

2. In *Rice*, the prisoner had been reconvicted on only 3 of the 4 burglary counts to which he had pled guilty.

3. See Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L.J. 606 (1965).

4. Former Penal Law § 1751(1) provided that upon conviction of a felonious sale of narcotics a defendant shall be sentenced to an indefinite term the minimum of which was no less than 5 years.

5. "[The *Pearce*] principle must apply to all state officials, including the county attorney. Fear that the county attorney may vindictively increase the charge would act to unconstitutionally deter the exercise of the right of appeal or collateral attack as effectively as fear of a vindictive increase in sentence by the court." Sefcheck v. Brewer, 301 F.Supp. 793, 795 (S.D.Iowa 1969).

justified and under *Pearce* was a presumptively retaliatory measure. We see no merit to this whatsoever, since the charge upon which he was tried was so obviously attributable to reasons other than retribution.

Williams concedes that the original reduction from sale to attempted sale was the result of an express agreement with the prosecutor given in consideration of his plea of guilty. When Williams was successful in revoking his part of the bargain by having his plea of guilty set aside, it is hardly surprising, and scarcely suggestive of vindictiveness, that the district attorney in turn withdrew his consent to the reduced charge. Indeed, all that happened was that the prosecution was forced to proceed on the original charge which the grand jury had returned in the first instance—felonious sale of a narcotic drug. The faultless conduct of the prosecutor here is apparent when compared with that condemned in Sefcheck v. Brewer, 301 F.Supp. 793 (S.D. Iowa 1969), where, after the defendant successfully withdrew his plea of guilty to the original charge, the prosecutor filed a new, more serious information.

We recognize that in the future, district attorneys may decline unilaterally to maintain their part of a plea bargain after a defendant has revoked his, and that this may deter attacks upon the legal sufficiency of guilty pleas. But *Pearce* expressly rejected arguments that inhibiting the invocation of appellate and collateral proceedings was by itself constitutionally offensive. *Pearce* sought to remedy only those restraints to pursue a remedy which vindictiveness might impose. We note also that the Supreme Court has upheld the validity of plea bargains entered into because of the threat of a more severe sentence following a jury trial, despite the fact that such bargains inhibit the defendant's exercise of his right to trial by jury.[6] The hypocrisy which at one time caused some to deny the existence of plea bargaining is disappearing. Plea bargaining and the considerations that go with it are facts of life in our system of criminal justice. See, e. g., ABA Minimum Standards Relating to Pleas of Guilty §§ 1.8 (propriety of charge and sentence concessions to defendants who plead guilty), 2.1(4), (5) (permitting withdrawal of guilty plea proper when bargained-for concessions are not sought from court by prosecutor or not granted by court), 3.1–.4 (propriety of plea bargaining by prosecution, and of review of proposed bargain by court) (1968).[7]

## IV.

Accordingly, the case on which Williams so heavily relies provides no authority for the result he seeks. Moreover, wholly apart from *Pearce*, we decline to reach the result he urges upon us. For us to hold that one in Williams's position may not be tried and sentenced upon the charge originally brought would encourage gamesmanship of a most offensive nature. Defendants

6. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (protestations of innocence did not bar acceptance of guilty plea upon advice of counsel motivated by fear of death penalty which only jury could impose) ; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) ; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

7. Our brother Hays notes that in Simpson v. Rice, the defendant's initial conviction was entered upon a guilty plea, and surmises that Rice had struck a bargain for a light sentence. Although Rice, like all defendants similarly situated, undoubtedly hoped to avoid more severe punishment by pleading guilty, there is not a hint in the Supreme Court's opinion or in the opinions below that an express agreement had been reached. Nor do we assume, contrary to the suggestion in our brother's opinion, that all plea bargains are to be treated alike under *Pearce*. Without ruling on the significance of the difference, we note that the prosecutor's part of a bargain for a light sentence often cannot be measured with precision, because the sentence that would be imposed in the absence of the plea is unknown. By contrast, the exact concession given Williams in exchange for his plea is apparent from the record before us.

would be rewarded for prevailing upon the prosecutor to accept a reduced charge and to recommend a lighter punishment in return for a guilty plea, when the defendant intended at the time he entered that plea to attack it at some future date. Although there is no suggestion in the record that Williams attempted this gambit, one way in which it might be achieved would be to plead guilty after a bargain has been struck with the prosecutor on the lesser charge and sentence. But, if the court after reading the defendant's probation report imposed a sentence higher than contemplated, the "unbargained-for" longer sentence would then trigger proceedings to vacate the plea. Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquittal, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a "heads-I-win-tails-you-lose" gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts,[8] and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardly enhance the administration of criminal justice.

Accordingly, we find no substance to Williams's claim that he has been the victim of official retaliation. We believe we would inflict mischief of the worst sort upon the criminal courts if we mechanically required the justification which was appropriate in the fundamentally different *Pearce* context. The denial of his petition for a writ of habeas corpus is therefore affirmed.

HAYS, Circuit Judge (concurring):

I am in accord with the result reached by the majority opinion but I am disturbed about one aspect of the reasoning used to distinguish North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). I agree that it is proper to distinguish the *Pearce* case on the ground that in the present case, unlike *Pearce*, the appellant was tried on the original more serious charge and therefore a more severe sentence can be justified. I do not believe, however, that it is either necessary or appropriate to go beyond this point and advance a theory that the guilty plea situation, because it represents a bargain between the defendant and the prosecutor, *ipso facto* requires the application of different legal principles. The basis for my concern is the companion case to *Pearce*, Simpson v. Rice, which involved a situation where the petitioner successfully challenged not his trial but the adequacy of his guilty plea. Although, unlike the present case, he was later tried for exactly the same offense to which he had earlier pleaded guilty, it is reasonable to assume that Rice had been promised a lower sentence as a part of the plea bargain. Nevertheless, the Court treated the *Rice* case in precisely the same manner as *Pearce*. 395 U.S. at 726, 89 S.Ct. 2072. The fact that Rice had reneged on his part of the plea bargain did not prevent the Court from giving him the benefit of the lower sentence which had previously been imposed upon him. It seems to me that the *Rice* case forecloses us from holding that the fact that the defendant succeeded in "revoking his part of the bargain" alone justifies a departure from the principles announced in *Pearce*.

I would thus distinguish the instant case from *Pearce* solely on the narrow ground that retrial here was had on the original higher charge.

---

8. See The Supreme Court, 1969 Term, 84 Harv.L.Rev. 30, 150 (1970) (with a significant reduction in the proportion of cases terminated by guilty plea, "the criminal justice system would shift from its present low gear to a halt").