**John J. McDOUGALD,**

v.

**Thomas G. IVESTER, Superintendent, Lee County Unit, North Carolina Department of Correction.**

**Civ. No. 2660.**

United States District Court, E. D. North Carolina, Raleigh Division.

Jan. 13, 1971.

Norman B. Smith, Smith & Patterson, Greensboro, N. C., for petitioner.

Robert Morgan, N. C. Atty. Gen., and Jacob L. Safron, Staff Atty., Raleigh, N. C., for respondent.

### ORDER

BUTLER, Chief Judge.

Petitioner, a state prisoner, seeking a writ of habeas corpus, was convicted on

February 20, 1969, in the District Court Division of the General Court of Justice of Cumberland County, North Carolina, of four charges of breaking and entering coin machines, and three charges of contributing to the delinquency of a minor, and was sentenced under a consolidated judgment to a total of 18 months imprisonment. Petitioner appealed to the Superior Court of Cumberland County, and was tried *de novo* pursuant to G.S. § 15–177.1. On April 4, 1969, following reconviction of the same charges, petitioner was sentenced by the Superior Court upon the three counts of contributing to the delinquency of a minor to three sentences of two years imprisonment each, to run consecutively, and to four two-year suspended sentences upon the four charges of breaking and entering to run concurrently at the expiration of the active sentences.

Petitioner alleges as grounds for relief that the imposition of a harsher sentence upon his trial *de novo* in the Superior Court constituted a denial of due process of law. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Petitioner presented this claim in a petition for post conviction relief to the Superior Court of Cumberland County which denied relief by order entered March 17, 1970. Petitioner's application for writ of certiorari was denied by the Court of Appeals of North Carolina on April 23, 1970. His petition for writ of certiorari in the United States Supreme Court was denied on October 26, 1970. McDougald v. North Carolina, 400 U.S. 882, 91 S.Ct. 117, 27 L.Ed.2d 121 (1970).

In *Pearce*, supra, the Court held that a judge may constitutionally impose a harsher sentence at a new trial only if his reasons for doing so affirmatively appear and are based on adequate factual data of objective information appearing of record concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. Accord, United States v. Gambert, 433 F.2d 321 (4 Cir. 1970).

This court in Torrance v. Henry, 304 F.Supp. 725 (1969) held that the rationale underlying *Pearce*, which involved a case in which the petitioner's original conviction had been set aside and a new trial ordered, was equally valid where the petitioner had "appealed" his original conviction and received harsher sentence upon a trial *de novo*.

In Rice v. North Carolina, 434 F.2d 297 (4 Cir. 1970), a case factually similar to *Torrance* and the present case, the Fourth Circuit Court of Appeals also held the *Pearce* rationale to be applicable in the *de novo* trial situation. In *Rice* the petitioner was tried and convicted in the General County Court of Buncombe County upon the charge of driving while intoxicated and was sentenced to imprisonment for nine months. On appeal to the Superior Court of Buncombe County he was again convicted and sentenced to imprisonment for two years. The Court of Appeals noted that the record in *Rice* revealed nothing which warranted the increased punishment and, relying on *Pearce*, the court held the harsher sentence on the second trial to be a denial of federal due process.

Here, as in *Torrance* and *Rice*, the record reveals nothing which warrants the imposition of the harsher sentence at petitioner's *de novo* trial in the Superior Court. Therefore this case is controlled by *Torrance* and *Rice*.

Thus, the harsher active and suspended sentences imposed at the trial *de novo* were a denial of due process, and petitioner, having fully served the eighteen month sentence of imprisonment under the consolidated judgment rendered at his original trial, is entitled to immediate release and to expunction of the record of his second sentences.

Now, therefore, it is ordered that petitioner's application for writ of habeas corpus be, and the same is hereby, granted.

It is further ordered that petitioner be relieved of all restraints imposed as a result of his conviction in the Superior

Court of Cumberland County and that the records be expunged of the sentences imposed as a result of that conviction.

It is further ordered that the United States Marshal serve instanter a copy of this Order upon the Honorable V. Lee Bounds, Director of the North Carolina Department of Correction, Raleigh, North Carolina, that the Clerk serve a copy of this Order by mail upon the Honorable Robert Morgan, Attorney General of North Carolina, the Clerk of the Superior Court of Cumberland County, the petitioner's attorney, Norman B. Smith, Esquire, Greensboro, North Carolina, the petitioner, John J. McDougald, and the respondent, Thomas G. Ivester.