**James M. WALSH, Petitioner,**

**v.**

**Philip J. PICARD, Superintendent of the Massachusetts Correctional Institution at Norfolk, Respondent.**

**Misc. Civ. A. No. 70–109–M.**

United States District Court,
D. Massachusetts.

March 31, 1971.

John C. Cratsley, Cambridge, Mass., for petitioner.

Jeremiah O'Sullivan, Deputy Asst. Atty. Gen., Boston, Mass., for respondent.

---

32. Rule 58, Federal Rules of Civil Procedure.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This is a petition for a writ of habeas corpus by petitioner seeking relief from increases in his state court sentences, ordered by the Appellate Division of the Superior Court of Massachusetts (Appellate Division)[1], on the ground such increases violate the United States Constitution. Petitioner raised the same constitutional issues in the Supreme Judicial Court of Massachusetts, which upheld the increases. Walsh v. Commonwealth, Mass., 260 N.E.2d 911 (1970). Thus he has exhausted his state court remedies.

Petitioner pleaded guilty on January 24, 1968 to three indictments charging robberies while armed. He was sentenced by a judge of the Superior Court to a term of five to ten years on each indictment, the terms to run concurrently. He appealed to the Appellate Division seeking reduction of the sentence. On July 19, 1968 the Appellate Division ordered the sentence be amended by substituting the term of eight to twelve years, to be computed from the time the appealed sentence commenced. The substitute sentence was formally imposed upon petitioner on September 17, 1968.

Petitioner relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to support his claim that the Massachusetts procedure by which his sentence was increased violates his federal constitutional rights against double jeopardy, and to due process of law.

■ *Pearce* held that the imposition of a longer sentence when there was a second conviction following reversal of the first conviction on appeal does not violate the double jeopardy clause. Petitioner offers no sound reason why the holding of *Pearce* is not applicable by analogy to his claim of double jeopardy. There appears to be no constitutional distinction on double jeopardy grounds between the risk assumed of an increased sentence following reversal of a conviction and a second trial, and the risk knowingly assumed in the Massachusetts procedure, which petitioner invoked, for appellate review of merely the sentence. His contention on this ground is therefore rejected.

■ Petitioner's claim that his right to due process of law was violated when the sentence was increased is based on the rule of North Carolina v. Pearce, *supra*, that if an increased sentence is imposed after a second conviction

> the reasons for * * * doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726, 89 S.Ct. at 2081.

The rationale of the *Pearce* due process rule is that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial". 395 U.S. at 725, 89 S.Ct. at 2080. Under the Massachusetts procedure, the element of "successfully attack[ing] his first conviction" is never a factor, nor does the possibility of vindictiveness of the sentencing judge enter into the resentencing, for he may not sit as a member of the Appellate Division in any case in which he imposed sentence. These factors, and others referred to in Walsh v. Commonwealth, *supra*, substantially differentiate the Massachusetts procedure of appellate review of sentence only from the customary appellate review of a judgment of conviction on assignment of errors.

In weighing the due process rule of *Pearce* against the Massachusetts proce-

---

1. Mass.Gen.Laws ch. 278 §§ 28A, 28B, 28C, 28D.

dure, Mr. Justice Quirico had this to say in Walsh v. Commonwealth:

> We note finally that the *Pearce* rule does not seem suited to Appellate Division proceedings. It does not permit consideration of any factors but the defendant's conduct subsequent to the first trial. Such a rule would seriously hamper the work of the Appellate Division because it would limit it to the brief period that the defendant has been serving the sentence in the State prison or a reformatory awaiting hearing on the appeal. Moreover, the rule would preclude consideration of the very factor which the Appellate Division was established to consider: whether a particular defendant's sentence is excessively short or long compared to other defendants' sentences for the same or similar offences. Since the Supreme Court was not considering this procedure, we do not believe that it meant the *Pearce* rule to apply to it. We note that for similar reasons at least one Federal appellate court has refused to apply the *Pearce* rule to the imposition of a harsher sentence than that imposed by a State District Court after a trial de novo in a State Superior Court. Lemieux v. Robbins, 414 F.2d 353 (1st Cir.). *Cf.* Torrance v. Henry, 304 F.Supp. 725 (E.D.N.C.).

260 N.E.2d at 916.

When the procedure is invoked to reduce a sentence, the determination whether there is marked disparity in the defendant's sentence when compared to other defendants' sentences serves a legitimate state interest in its correctional processes and justifies amendments of sentences, either by increasing or reducing them.[2] Thus the views of Mr. Justice Quirico that the procedure designed to further this interest was not under consideration in *Pearce*, and that it cannot be said that the Supreme Court meant the *Pearce* rule to apply to increase of sentence by a tribunal reviewing only the sentence, are persuasive.

Accordingly, the court dismisses the petition and denies the writ.

---

2. The Challenge of Crime in a Free Society, 145–146 (February 1967). See generally ABA Standards Appellate Review of Sentences (Approved Draft, March 1968).