**UNITED STATES of America**

v.

**Marcus C. BUTLER.**

**Crim. No. H–75–57.**

United States District Court,
D. Connecticut.

May 20, 1976.

David S. Golub, Stamford, Conn., for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS

BLUMENFELD, District Judge.

The defendant was arrested on April 25, 1975, as he attempted to conclude a cocaine transaction with an undercover operative of the Drug Enforcement Agency. On May 8, 1975, he was indicted for three offenses allegedly committed on April 10 and 17, 1975, involving the distribution of cocaine "samples" to the undercover agent. Plea negotiations broke down during the summer, and the defendant was again indicted on October 22, 1975, for the two offenses allegedly committed at the time of his arrest. The defendant has moved to dismiss counts four and five, based on the April 25 offenses, and now consolidated with the earlier indictment.[1]

In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court explicitly applied the due process principles set forth in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), forbidding increased penalties which inhibit the exercise of constitutional rights, to prosecutorial conduct. The defendant alleges that the government's decision in this case, to seek and obtain an additional indictment once it was clear that the plea discussions had broken down and that the defendant would exer-

---

1. The two indictments were ordered consolidated on November 17, 1975.

cise his constitutional right to a jury trial,[2] similarly contravenes the due process guarantees of the fifth amendment.

■ This court does not disagree with the general argument made by the defendant. Certainly prosecutorial discretion can be abused, and the bringing of enhanced charges can violate due process. *United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971). Indeed, as Judge McGowan noted in *United States v. Jamison,* 164 U.S.App.D.C. 300, 505 F.2d 407 (1974), the principle enunciated in *Pearce* and *Blackledge* does not depend upon a showing of actual vindictiveness by the court or prosecutor, but merely the possibility of it, *i. e.,* an *"apprehension* on the defendant's part of receiving a vindictively-imposed penalty for the assertion of rights." 505 F.2d at 415. (Emphasis in original).

Thus, in *United States v. Gerard,* 491 F.2d 1300 (9th Cir. 1974), a case on which the defendant relies quite heavily, the court ordered the dismissal of an additional count which charged the defendant with a firearms offense. That count was added after the defendant withdrew his guilty plea to one of the original conspiracy and counterfeiting counts. The court held *Pearce* applicable because neither the court nor the prosecutor had learned any new facts, subsequent to the hearing at which the guilty plea was withdrawn, which would have justified the addition of a new charge based upon the same transaction.[3]

However, there is a crucial distinction between the facts of this case and those present in *Jamison, Gerard,* and the other cases in the *Pearce* line.[4] The October 22 indictment charged the defendant with the possession and distribution of cocaine on the date of his arrest, not on the two earlier occasions on which he allegedly distributed "samples." In *Jamison* the same facts underlay both the first and second degree murder charges. Similarly, in *Gerard* the defendant possessed the weapon at the same time he committed the offenses originally charged—in fact, that was the essence of the weapons charge. Here the second indictment was based on separate acts by the defendant, occurring one and two weeks after the acts charged in the original three-count indictment. The situation is thus analogous to that described by Judge Smith in *United States v. Mallah,* 503 F.2d 971 (2d Cir. 1974), *cert. denied,* 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975):

> "Here, the heroin counts are based upon acts which are distinct from charges previously brought against appellant. The government's decision to prosecute appellant for counts two and six is well within the traditionally broad ambit of prosecutorial discretion."[5]

■ Indeed, the possibility that a prosecutor might, in certain circumstances, be permitted to bring additional charges, even though based on the very acts already the subject of an indictment, was explicitly recognized in *Jamison.* There the court suggested that subsequent developments, *e. g.*

---

2. The original indictment was called for the Jury Assignment List on October 20, 1975.

3. In this case the prosecutor has represented to the court that he did not learn of the facts surrounding the defendant's arrest, which underlie the second indictment, until after the original indictment had been returned. These representations were made *in lieu* of formal testimony at the hearing on the defendant's motion to dismiss, on March 11, 1976.

4. Except for *United States v. DeMarco,* 401 F.Supp. 505 (C.D.Cal.1975). However, I view that case as turning on Judge Ferguson's finding that the prosecutor *actually* threatened the defendant with new charges, should he choose

to exercise his statutory venue rights, and that the threat was, in fact, carried out.

5. 503 F.2d at 988. Thus, I do not agree with Judge Ferguson's dictum in *United States v. DeMarco,* 401 F.Supp. 505, 511–12 n. 2 (C.D. Cal.1975) that:

> "Even if the facts of the California indictment were wholly dissimilar from the District of Columbia indictment, a different result need not obtain. The threat of increased charges is indefensible whether or not those charges grow out of the same transaction."

except insofar, as stated in note 4 *supra,* as it rests on his finding of an *actual* threat by the prosecutor.

the death of an assault victim or the discovery of new evidence, might justify such charges. And in *Gerard* the majority specifically cautioned against locking the government into a plea bargain, while the defendant remains free to withdraw.[6] In this case, of course, there was never even a bargain. The prosecutor simply indicated that, in return for a guilty plea to one of the three outstanding counts, he would dismiss the other two counts and would not seek an indictment for the aborted April 25 transaction. For this court to accept the defendant's invitation to hold the prosecutor to this unilateral offer—which he himself never accepted—would leave future prosecutors open to the sort of defense gamesmanship against which Judge Kaufman cautioned in *United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971). Some consideration must be given to the public interest in the due enforcement of the criminal laws. The grand jury has found probable case to believe that the defendant violated the law on April 25, and there is a strong public interest in his being prosecuted for those actions. *Cf. United States v. Mallah,* 503 F.2d 971, 988–89 (2d Cir. 1974), *cert. denied,* 420 U.S. 995, 95 S.Ct. 1425, 43 L.Ed.2d 671 (1975). Accordingly, I conclude that because an entirely different transaction underlay the second indictment this situation does not present the "potential for vindictiveness" condemned in *Blackledge* as violative of due process.[7]

■ The defendant's alternative ground for dismissal, that the second indictment was returned after the original grand jury had refused to indict for the defendant's acts on April 25, is without merit. The *in camera* submission by the government[8] convincingly demonstrates that information concerning the events of April 25 was never presented to the first grand jury.

The defendant's motion to dismiss is denied. It is

SO ORDERED.

---

**6.** Judge Sneed's dissenting opinion in *Gerard,* 491 F.2d at 1307–10, also addresses this concern.

**7.** The decision in *Sefcheck v. Brewer,* 301 F.Supp. 793 (S.D.Iowa 1969) also supports this view. There the court set aside the conviction and sentence on an increased charge, brought after the defendant withdrew his original guilty plea. However, Judge Stephenson explicitly stated that:

"nothing in this order should be construed to limit the discretion of a prosecutor, prior to

trial, as to what charge or charges will be presented."

301 F.Supp. at 795. Here it is precisely that sort of charging decision which the defendant attacks.

**8.** The submission consisted of the transcripts of the undercover agent's testimony before the two grand juries, on May 7 and October 22, 1975.