UNITED STATES of America

v.

Morris ZUDICK, Appellant, and Pauline Zudick.

No. 75–1438.

United States Court of Appeals, Third Circuit.

Submitted Sept. 10, 1975.

Decided Oct. 2, 1975.

Herbert L. Zuckerman, Newark, N. J., for appellant.

Jonathan L. Goldstein, U. S. Atty., John J. Barry, Asst. U. S. Atty., Newark, N. J., for appellee.

Before ALDISERT, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

*United States v. Habig,* 390 U.S. 222, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968), held that the statute of limitations for criminal violations of the Internal Revenue Code runs from the actual date of filing, and not from the due date, when a return is filed *after* the due date pursuant to an extension. The question presented in this appeal is whether the limitations period runs from the filing date or the due date when a return is filed *before* the due date. The district court ruled that the period began to run from the due date, rejected a motion to dismiss the indictment as time-barred, permitted appellant to plead guilty while preserving the right to appeal the adverse decision on the motion to dismiss, and entered a judgment of conviction. We affirm.

The grand jury indicted appellant and his wife[1] for having subscribed and filed a return for the calendar year 1965 in which they stated they had had no taxable income when they "knew and believed, their taxable income . . . was $99,956.47," thereby violating 26 U.S.C. § 7206(1).[2] The indictment was returned on April 14, 1972; appellant and his wife had filed their return on or about April 1, 1966, although it was not due until April 15. Because the Internal Revenue Code provides a six-year statute of limitations for violations of section 7206(1), 26 U.S.C. § 6531(5), the prosecution would be untimely if the limitations period runs from April 1, but timely if the period runs from April 15.

Appellant's argument follows two tracks. First, he contends that no federal tax prosecution may be instituted more than six years after the act constituting the crime—in this case the filing of the subscribed, false return on or about April 1, 1966. Second, he argues that, even if the limitations period is properly measured from the due date in prosecutions for tax evasion, such a measurement should not apply to the instant case involving not tax evasion, but false declarations under penalties of perjury. Here, appellant stresses that a section 7206(1) charge may lie for the making or subscribing of false "statements" or "other documents", under penalties of perjury, for which there are no due dates.

We must reject appellant's first argument for three reasons: (1) the clear language of the Code; (2) the equally clear instruction of the Supreme Court in *United States v. Habig, supra* ; and (3) the strong public policy upon which the Code's limitations rules rest

---

1. As part of the negotiations leading to appellant's guilty plea, the parties agreed that, if the appellate courts reached and resolved the limitations issue, the government would move to dismiss the indictment as to Pauline Zudick; the parties further agreed that if, on appeal, the limitations issue was not met, and if appellant exercised his right to withdraw his conditional plea, then the government could proceed against both husband and wife.

2. § 7206. *Fraud and false statements*

Any person who—

(1) *Declaration under penalties of perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

and which the Supreme Court sanctioned in *Habig*.

"If the language be clear it is conclusive. There can be no construction if there is nothing to construe." *United States v. Hartwell*, 73 U.S. (6 Wall.) 385, 396, 18 L.Ed. 830 (1868). The language of sections 6531 and 6513(a) is clear. As the government successfully argued below: (1) the last sentence of section 6531 provides that "[f]or the purpose of determining the periods of limitation on criminal prosecutions, the rules of section 6513 shall be applicable"; and (2) section 6513(a) provides that "any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day." [3] In other words, for criminal statute of limitations purposes, a return filed before the due date is deemed filed on the due date.

Appellant is of course correct in noting that *Habig* is factually distinct from the instant case. There, the prosecution was under section 7201, for evading income taxes by filing a false return, and under section 7206(2), for aiding in the preparation and presentation of a false return. Defendants had filed the return after the due date, during an extension period. They asserted the applicability of the last sentence of section 6513(a): "the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer . . . ." Pursuant to this sentence, they claimed, the statute of limitations ran from the original due date without regard to the extension; because the grand jury did not return the indictment until more than six years after the due date, the prosecution was time-barred. The Supreme Court unanimously rejected this argu-

ment on the grounds that neither the language nor the legislative history of section 6513(a) indicated its applicability to returns filed during an extension period. Notwithstanding these distinctions, *Habig* has significance for the instant appeal, for it discusses specifically the filing of an early return:

> Section 6513(a), as its title clearly indicates, was designed to apply when a return is filed or a tax is paid before the statutory deadline. The first two sentences provide that the limitations periods on claims for refunds and tax suits (26 U.S.C. §§ 6511, 6512), when the return has been filed or payment made in advance of the date "prescribed" therefor, shall not begin to run on the early date, but on the "prescribed" date. The third sentence states that, for "purposes of [the] subsection," the date "prescribed" for filing or payment shall be determined on the basis fixed by statute or regulations, without regard to any extension of time. The net effect of the language is to prolong the limitations period when, and only when, a return is filed or tax paid in advance of the statutory deadline.

> There is no reason to believe that § 6531, by reference to the "rules of section 6513" expands the effect and operation of the latter beyond its own terms so as to make it applicable to situations other than those involving early filing or advance payment. The reference to § 6513 in § 6531 extends the period within which criminal prosecution may be begun only when the limitations period would also be extended for the refunds and tax suits expressly dealt with in § 6513—only when there has been early filing or

---

**3.** *§ 6513. Time return deemed filed and tax considered paid*

(a) *Early return or advance payment of tax.*—For purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before

the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.

advance payment. In other words, *if a taxpayer anticipates the April 15 filing date by filing his return on January 15, the six-year limitations period for prosecutions under § 6531 commences to run on April 15.*

*United States v. Habig, supra,* 390 U.S. at 225, 88 S.Ct. at 928 (emphasis added).

Assailing the *Habig* opinion, especially the italicized portion, as "pure dictum", "a monument to tendentious reasoning", and "interpretive gymnastics", appellant urges that we reject it. Epithetical argumentation need not detain us. The statutory language and the legislative scheme are clear. Even were we to agree that the quoted passage was nonbinding "dictum", in the absence of a sound rule of statutory construction to reach a contrary result, we could not disregard the clarity of the Court's instruction.

Moreover, the policy consideration underlying the *Habig* passage applies with equal force to the instant case. As Mr. Justice Fortas wrote for the Court:

> Practically, the effect of the reference to § 6513 in § 6531 is to give the Government the administrative assistance, for purposes of its criminal tax investigations, of a uniform expiration date for most taxpayers, despite variations in the dates of actual filing.

*Ibid.* at 225–26. Thus, we must reject appellant's first argument.[4]

Assuming *arguendo* that section 6513(a) sets the limitations period for prosecutions under section 7201, evasion of taxes, appellant argues that a different rule should obtain for prosecutions under section 7206(1), relating to the willful making or subscribing of "any [false] return, statement, or other document . . . that is made under the penalties of perjury . . . ." The major force of the contention is that, because there is no "last day prescribed for the filing" of "statements" or "other

documents", Congress could not have intended section 6513(a), through the last sentence of section 6531, to apply to a prosecution brought under section 7206(1). Instead, appellant argues, the limitations period should run from the date of the actual making or subscribing of the false return, statement or other document.

Whatever merit this contention might have for a prosecution under section 7206(1) for the making or subscribing of a false *statement* or *other document*, the brute fact is that appellant was indicted for making or subscribing a false *return*. And, because the statute plainly says that the rules of section 6513 "shall be applicable" in criminal prosecutions, we need not enter the judicial quagmire of discerning legislative intent. Thus, appellant's second argument takes him no farther than his first.

■ Although not presented as a controverted issue by the parties, we have noted that appellant's plea of guilty was conditional, *inter alia*, upon appellate review: the plea was not to preclude his appealing the statute of limitations issue; if appellate courts ruled that issue could not be presented on appeal following a guilty plea, appellant would be permitted to withdraw the plea; if the limitations issue were decided ultimately in the government's favor, the sentence would stand, and if the government ultimately lost on that issue, the indictment would be dismissed. We endorse this procedure.

Previously, we have approved the entry of a guilty plea expressly reserving the right to appeal the constitutionality of the statute under which the prosecution was brought. *United States v. D'Amato*, 436 F.2d 52, 53 (3d Cir. 1970). More recently, *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1974), held that a plea of guilty did not foreclose federal habeas corpus review of specified constitutional issues where

---

4. In this respect, we align ourselves with the Second Circuit. *United States v. Silverman*, 449 F.2d 1341, 1346 (2d Cir. 1971), *cert.* *denied*, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972).

state procedure allowed a defendant to plead guilty without forfeiting his right to review of those issues. The rule of *Newsome* obviously does not obtain here; however, the Court's policy rationale provides guidance on the propriety of conditional guilty pleas.

Such pleas fall within an exception to the Court's general rule that a voluntary and intelligent guilty plea bars subsequent constitutional challenge to the proceedings.[5] The reasons for the exception are twofold: (1) in the case of a conditional guilty plea, the prosecution "acquires [no] legitimate expectation of finality in the conviction," *Lefkowitz v. Newsome, supra,* 420 U.S. at 289, 95 S.Ct. at 889; (2) the conditional plea procedure represents a "commendable [effort] to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution." *Ibid.* at 293. *See also United States v. Doyle,* 348 F.2d 715, 719 (2d Cir.) (Friendly, J., suggesting the use of conditional guilty pleas), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). Although the *Newsome* case dealt with the conditional plea in the context of a constitutional claim, we perceive no meaningful distinction between the policy in constitutional cases, *e. g., D'Amato, supra,* and the policy in cases, like this one, implicating the construction of statutes. The language of the *Newsome* Court—with substitutions to reflect the factual complex before us—is highly pertinent:

> The guilty plea operates simply as a procedure by which the [statute of limitations issue] can be litigated without the necessity of going through the time and effort of conducting a trial, the result of which is foreordained if the [statute of limitations] claim is in-

valid. The plea is entered with the clear understanding and expectation by the [Government], the defendant, and the courts that it will not foreclose judicial review of the merits of the alleged [bar of the statute of limitations].

> In sum although termed . . . a "guilty plea," the same label given to the pleas entered by the defendants in the *Brady* trilogy of cases and *Tollett v. Henderson,* [Zudick's] plea had legal consequences quite different from the consequences of the pleas entered in traditional guilty-plea cases. Far from precluding review of independent claims relating to the [motion to dismiss the indictment as time-barred] that occurred prior to the entry of his "guilty plea," [Zudick's] plea carried with it the guarantee that judicial review of his . . . claims would continue to be available to him. In this respect there is no meaningful difference between [Zudick's] conviction and a . . . conviction entered after trial.

420 U.S. at 289–90, 95 S.Ct. at 890 (footnotes omitted).

■ We have not hesitated in the past to express, in the exercise of our supervisory powers, what would best further the administration of criminal justice within this Judicial Circuit. *In re Grand Jury Proceedings (Schofield),* 507 F.2d 963, 971 (3d Cir. 1975) (dissenting opinion) (collecting cases). Having found neither jurisprudential nor prudential impediment to doing so, we endorse the use of the conditional guilty plea in appropriate circumstances; and we have no problem concluding that appellant properly preserved the statute of limitations issue for review.

The judgment of the district court will be affirmed.

---

**5.** *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).