### UNITED STATES of America

v.

### Peter J. SERUBO, W. Thomas Plachter, Jr. and Donald H. Brown.

**Crim. No. 80–203.**

United States District Court, E. D. Pennsylvania.

Nov. 12, 1980.

---

Ronald G. Cole, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harvey Sernovitz, Philadelphia, Pa., for Serubo.

Louis W. Fryman, Philadelphia, Pa., for Brown.

Thomas A. Masterson, Philadelphia, Pa., for Plachter.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Defendant Serubo has moved to dismiss counts I, IV, VIII and IX of the indictment. For the reasons which follow, I shall grant this motion.

### I. *Preliminary Statement*

The three defendants were indicted on March 13, 1978 for violations of the Internal Revenue Code.[1] Plachter and Brown entered *Zudick* pleas to all counts on September 5, 1978, the day trial was to begin. *See United States v. Zudick*, 523 F.2d 848, 851–52 (3d Cir. 1975). Serubo chose to be tried. However, on the seventh day of trial, he entered into a plea bargain with the Assistant United States Attorney. He agreed to and did enter a *Zudick* plea to counts II (personal tax return for 1971), III (personal tax return for 1972), and X (corporate tax return for Plachter–Serubo Cadillac Co. for 1973) of indictment Crim. No. 78–71. In return, the Government agreed to dismiss with prejudice counts I (conspiracy count), IV (personal tax return for 1973), VIII (corporate tax return for Plachter–Serubo Cadillac Co. for 1971), and IX (corporate tax return for 1972).

The three defendants then appealed their convictions, a right they had expressly reserved in the plea bargain under the *Zudick* procedure. *Compare Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea.") *with Zudick*, 523 F.2d at 851 ("[*Zudick*] guilty pleas fall within an exception to the Court's general rule that a voluntary and intelli-

---

1. Eleven counts charged the defendants with violations of 26 U.S.C. § 7201 for the years 1971 to 1973.

gent guilty plea bars subsequent constitutional challenge to the proceedings.") (citing cases). They contended that prosecutorial misconduct had tainted the grand jury proceedings in the first indictment. The district court, on remand from the Third Circuit, agreed; it therefore dismissed the indictment without prejudice.[2] *See United States v. Serubo,* 604 F.2d 807 (3d Cir. 1980); *United States v. Serubo,* Crim. No. 78–71 (E.D.Pa. April 29, 1980) (upon remand).

■ The present indictment, Crim. No. 80–203, was returned by another grand jury on July 2, 1980.[3] It is almost identical to the earlier indictment, Crim. No. 78–71.[4] In particular, Serubo is charged with the same tax fraud violations that the Government earlier had agreed to dismiss *with prejudice* as part of the *Zudick* plea bargain. He has moved to dismiss these four tax fraud counts because, he argues, he fully performed his part of the *Zudick* plea bargain by entering a guilty plea; therefore, he contends, the Government must be held to *its* promise to dismiss the remaining counts with prejudice.

### II. *Precedent*

The Government argues that "[w]here a plea bargain results in the dismissal of counts (or reduction of charges), and the plea is later successfully attacked, the Government may reindict and reprosecute on *all* original charges, including those which were dismissed (or reduced) as part of the bargain." Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at 20. The cases cited by the Government do indeed support this rule of law. *See Hawk v. Berkemer,* 610 F.2d 445 (6th Cir. 1980); *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir. 1977); *United States v. Johnson,* 537 F.2d 1170 (4th Cir. 1976); *United States v. Williams,* 534 F.2d 119 (8th Cir. 1976); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975); *United States v. Rines, supra; United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970); *Ward v. Page,* 424 F.2d 491 (10th Cir. 1970); *United States v. Myles,* 430 F.Supp. 98 (D.D.C.1977), *aff'd,* 569 F.2d 161 (D.C.Cir. 1978). However, these cases are distinguishable from the present case because none involved *Zudick*–type conditional guilty pleas where the appeal is part of the bargain. Rather, in each case, the defendant revoked "his part of the bargain," *McMann,* 436 F.2d at 106, by successfully attacking his conviction on appeal, thereby undermining "the condition precedent to the Government's agreement not to [re–]prosecute." *Anderson,* 514 F.2d at 587. *See, e. g., Hawk v. Berkemer, supra* (successful attack of guilty plea because trial judge failed to inquire whether defendant understood the nature of the charge and his fifth amendment right not to testify; the court noted that defendant withdrew from *his* part of the guilty plea bargain, 610 F.2d at 448).

2. Defendants have jointly moved to dismiss this prosecution because, they contend, the Third Circuit contemplated dismissal *with prejudice* if, on remand, the district court uncovered prosecutorial improprieties which tainted the grand jury proceedings. By appropriate order, I have dismissed this motion because a reading of the *entire* Third Circuit opinion demonstrates that the court foresaw a dismissal without prejudice in order to compel the Government "to present its evidence to a grand jury unaffected by bias or prejudice." 604 F.2d at 817.

3. The defendants have moved jointly to dismiss the entire indictment because they contend that reprosecution violates the double jeopardy clause. This argument is specious, for it ignores the *Zudick* admonition that a conviction pursuant to a conditional plea of guilty is no different from a conviction entered after trial. *Zudick,* 523 F.2d at 852, *quoting Lefkowitz v. Newsome,* 420 U.S. 283, 290, 95 S.Ct. 886, 890, 43 L.Ed.2d 196 (1974). Reversal of the latter does not bar reprosecution, *United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971); *Green v. United States,* 355 U.S. 184, 189, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957). Similarly reversal of the former should not–and clearly does not–bar reprosecution. *Cf. United States v. Rines,* 453 F.2d 878, 880 (3d Cir. 1971) (*per curiam*) (reprosecution following vacated guilty plea). *See also* cases cited *infra* at 292. Accordingly, I have denied defendants' joint motion to dismiss.

4. The charges in the present indictment, Crim. No. 80–203, have been partially renumbered.

In the ordinary case, allowing reprosecution on *all* original charges, after a defendant has successfully attacked his guilty plea conviction, remedies the defendant's breach of his "contract," *cf. Government of Virgin Islands v. Scotland*, 614 F.2d 360, 364 (3d Cir. 1980) (analogizing the plea bargaining process to contract principles), with the prosecutor. Indeed, the Supreme Court has encouraged the use of guilty pleas in the criminal process in part because they "lead to prompt and final disposition" of criminal cases. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). *See also Scotland*, 614 F.2d at 364 ("prompt punishment"). Expedited prosecution saves prosecutorial resources. *Id.* When, however, a defendant takes a non–*Zudick* appeal from his conviction, the prosecutor loses the benefit of the bargain. If reprosecution were barred after such a successful appeal, this "would encourage gamesmanship of a most offensive nature. Defendants would be rewarded for prevailing upon the prosecutor to accept a reduced charge and to recommend a lighter punishment in return for a guilty plea, when the defendant intended at the time he entered that plea to attack it at some future date." *McMann*, 436 F.2d at 106–07.

By contrast, there are different considerations in a *Zudick* situation, for appeal of this guilty plea is both foreseeable and *part of the bargain.* When a defendant has fully performed his obligations, the need to deter offensive "gamesmanship" disappears. Therefore the cases relied upon by the Government are inapposite. It is one thing to penalize for breach of contract; it quite another to penalize for strict adherence to the terms of the contract.

### III. *General Principles*

The issue, then, is whether successful appeal of a conditional guilty plea precludes reprosecution of those counts that the Government agreed to dismiss with prejudice as part of the plea bargain. Neither the research of counsel nor ours has revealed any case on point. However, the federal courts have not been loathe to order performance of plea bargain agreements by the government, *e. g., Correale v. United States*, 479 F.2d 944 (1st Cir. 1973), even if this compelled dismissing an indictment, *e. g., United States v. Lieber*, 473 F.Supp. 884 (E.D.N.Y.1979); *United States v. Phillips Petroleum Co.*, 435 F.Supp. 622 (N.D.Okl. 1977); *United States v. Minnesota Mining & Manufacturing Co.*, 428 F.Supp. 707 (D.Minn.1976). "The most meticulous standards of promise and performance must be met by prosecutors engaged in negotiating such agreements." *Phillips Petroleum*, 435 F.Supp. at 640, *citing Correale, supra.*

■ *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499, recognized the power of trial courts to order specific performance of plea agreements. Such judicial power does not violate the doctrine of separation of powers, because it derives from the court's exercise of its supervisory powers. *United States v. Paiva*, 294 F.Supp. 742, 745–47 (D.D.C.1969). *See Zudick*, 523 F.2d at 852 ("We have not hesitated in the past to express, in the exercise of our supervisory powers, what would best further the administration of criminal justice within this Judicial Circuit."); *United States v. Lieber*, 473 F.Supp. at 895; *see also, e. g., Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Criden*, 633 F.2d 346 at 354 (3d Cir. 1980). Indeed, " 'our supervisory powers must be used to protect the purity of the Government and its process.' " *Paiva*, 294 F.Supp. at 746, *quoting Dixon v. District of Columbia*, 394 F.2d 966, 970 (D.C.Cir.1968).

■ Therefore, if it appears that the defendant performed his part of the agreement while the Government did not, the indictment may be dismissed in the discretion of the trial court, *Paiva*, 294 F.Supp. at 747, for "the government should not be allowed simply to renege in its promises." *Lieber*, 473 F.Supp. at 894–95. *See also United States v. Carter*, 454 F.2d 426 (4th Cir. 1972) (en banc). Although some cases have suggested that actual prejudice to the defendant is the touchstone of the remedy of specific performance of the plea bargain, *e. g., Paiva, supra*, other cases suggest that

defendant need not meet such a high standard, *e. g., Lieber,* 473 F.Supp. at 894–95. The Third Circuit apparently has adopted the former approach–a defendant must thus demonstrate that he *detrimentally* relied on the Government's promise. *See Scotland, supra.*

### IV. *Discussion*

I turn, then, to the facts of this case. The bargain struck by defendant and the Government was recited by defendant's attorney before Judge Newcomer on September 14, 1978. In pertinent part, defendant agreed that if he should successfully appeal his conviction, "the guilty plea and sentence would be rendered null and void as pursuant to [*sic*] the *Zudick* teaching." Memorandum of Defendant Peter J. Serubo in Support of his Motion to Dismiss or Quash the Indictment at Appendix A (photocopy of trial transcript). The agreement then recites the *quid pro quo* for defendant's change of plea: "In return for Mr. Serubo's plea subject to the condition I have mentioned [the *Zudick* appeal] and to the Court's [*sic*] I have mentioned[,] Mr. Pichini and Ms. Colburn on behalf of the government at the time of the sentence will dismiss with prejudice counts 1, 4, 8 & 9 of the indictment . . . ." *Id.* The agreement does not otherwise address the present issue.

Defendant fully performed his part of the bargain by entering a guilty plea. Unlike the normal type of guilty plea, defendant's subsequent appeal did not constitute a repudiation of the "contract," for the Government knew that defendant would appeal. Indeed that was part of the bargain agreed to by the Government. Moreover, defendant suffered considerable detriment. Although he did not foreclose appellate review, he voluntarily waived his constitutional rights to compel the Government to prove each and every element of the charges to which he pleaded guilty beyond a reasonable doubt. "By living up to [his] bargain[ ], the defendant[ ] here suffered to [his] detriment in exactly the manner

required by the agreement." *Lieber,* 473 F.Supp. at 895. The removal of such a heavy burden concomitantly benefitted the Government.

As in most guilty plea bargains, the Government lost the possibility of convicting the defendant on all charges in the indictment. Unlike the ordinary guilty plea, however, the Government agreed to dismiss the remaining counts *with prejudice* at the time of sentencing. Perhaps this was an extraordinary offer; perhaps the Government simply did not recognize the implications of its offer. In any case, Judge Newcomer did enter a judgment of sentence. *United States v. Serubo,* 604 F.2d at 809. Yet the Government breached its promise, for it did not then dismiss the remaining tax fraud counts.

■ As a judge, my function is not to assist the Government's efforts to win convictions. Rather, I sit to "further the administration of criminal justice"–a task that entails, *inter alia,* enforcing Government promises to criminal defendants. I therefore hold that the parties' plea bargain agreement precluded the Government from reprosecuting defendant for those charges which *the Government agreed to dismiss with prejudice as part of this Zudick plea bargain.* "In such circumstances, it seems strikingly cruel to allow the [Government] to encourage false hopes and then destroy them at will." Westen & Westin, *Broken Plea Promises,* 66 Calif.L.Rev. 471, 526 (1978). Had the Government insisted on a "without prejudice" designation, perhaps it would not now be estopped from reprosecution. This is an issue, however, which the facts do not present; consequently I express no opinion on it.[5]

### V. *Conclusion*

Defendant Serubo's motion to dismiss counts I, IV, VIII and IX of the indictment, Crim. No. 80–203, is therefore granted *with prejudice.*

---

5. Similarly I express no opinion as to whether defendant would have been successful had

Judge Newcomer delayed sentencing pending appellate review.