

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2005

# USA v. Spencer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Spencer" (2005). *2005 Decisions.* Paper 1341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3017

UNITED STATES OF AMERICA

v.

DAVID O'NEIL SPENCER,
Appellant

On Appeal From the United States Court
For the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00788
District Judge: Hon. Berle M. Schiller

Argued: June 22, 2004

Before: NYGAARD, McKEE and CHERTOFF,[*]
Circuit Judges

(Opinion filed: April 19, 2005)

David L. McColgin, Esq.
Brett G. Sweitzer, Esq. (Argued)
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106

*Attorneys for Appellant*

---

[*] Judge Chertoff heard oral argument in this case but resigned prior to the time the opinion was filed. The opinion is filed by a quorum of the panel. 28 U.S.C. §§ 46(d).

Francis C. Barbieri, Jr., Esq. (Argued)
Suite 1250
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

    *Attorney for Appellee*

OPINION

McKee, *Circuit Judge*

David O'Neil Spencer appeals the judgment of conviction and sentence that was entered following his conditional guilty plea after the District Court denied his motion to suppress. *See United States v. Zudnick*, § 523(a)(8) F.2d 848 (3d Cir. 1975). For the reasons that follow, we will affirm.

**I**.

Inasmuch as we are writing only for the parties who are familiar with the procedural and factual history of this case, we need not reiterate the background except insofar as may be helpful to our brief discussion.

In his opening brief, Spencer only challenged the District Court's denial of his suppression motion. We have reviewed the District Court's very careful and thoughtful Memorandum and Order, dated March 27, 2003, in which the court explained its ruling on Spencer's Fourth Amendment claim. Since we can add little to the District Court's thoughtful analysis, we will affirm the denial of Spencer's suppression motion substantially for the reasons set forth by the District Court in its March 27, 2003 Memorandum and Order.

After the opening briefs were filed, the Supreme Court decided *United States v. Booker*. Briefly stated, "[t]he Court held that 18 U.S. C. § 3553(b)(1), the provision of the Sentencing Reform Act that makes the Guidelines mandatory, was [unconstitutional] and that it must be severed and excised [from the Guidelines]." *United States v. Ordaz*, 398 F.3d 236, 239 (3d. Cir. 2005). The Court also reaffirmed the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which stated, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Following that decision, in response to an inquiry from this court, Spencer asked to be resentenced pursuant to *Booker* even though he had not originally challenged his sentence. When Spencer was originally sentenced, the attack he now makes on his sentence appeared foreclosed under *United States v. Williams*, 235 F.3d 858, 860-63 (3d. Cir. 2000). However, given the teachings of *Booker*, it is now clear that the District Court erred in enhancing Spencer's sentence under U.S.S.G. § 2K2.1(b)(5) based solely upon the court's finding that Spencer possessed a gun "in connection with" another felony offense. That question was neither admitted during Spencer's change of plea colloquy, nor proven to a jury (or to a judge at a bench trial) beyond a reasonable doubt. Moreover, when Spencer was initially sentenced, the District Court understandably thought that it had to impose a sentence consistent with the appropriate guideline range. However, it is now clear that the court was free to exercise its discretion in determining a

sentence and that the guideline range, though relevant, was not determinative.

Accordingly, we will remand this matter to the District Court for resentencing pursuant to the pronouncements in *United States v. Booker*.