

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2006

# USA v. Powell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Powell" (2006). *2006 Decisions.* Paper 912.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/912

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2037

———————

UNITED STATES OF AMERICA

v.

RICHARD WAYNE POWELL,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-00586)
Honorable Bruce W. Kauffman, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
June 1, 2006

BEFORE: AMBRO, FUENTES, and GREENBERG, Circuit Judges,

(Filed: June 13, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This matter comes on before the court on defendant-appellant Richard Wayne

Powell's appeal following his conviction based on his guilty plea to possession with

intent to distribute approximately two kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). After a grand jury indicted Powell for these two offenses, he initially entered a plea of not guilty. Then he moved to suppress physical evidence the police recovered from his automobile without a warrant, as well as a statement he made at the time the police seized the evidence. He predicated his motion on the contention that he had not consented to the search and that, in any event, any consent that he may have given was coerced. The district court, following an evidentiary hearing, denied his motion.

Subsequently, Powell changed his plea to guilty on both counts but, pursuant to United States v. Zudick, 523 F.2d 848 (3d Cir. 1975), preserved his right to appeal the denial of his suppression motion. Thereafter the district court sentenced Powell to two consecutive 60-month terms of imprisonment, as well as to concurrent terms of four and five years of supervised release. Powell then appealed.

Powell summarizes his contentions on this appeal as follows:

> The District Court Erred by Denying Appellant's Motion to Suppress
> Evidence Obtained Through a Warrantless Search of Appellant's
> Automobile, Inasmuch as (1) the Arresting Officer's Testimony Regarding
> the Giving of Consent to Search Was Patently Incredible, and (2) Any
> Consent That May Have Been Given Was Coerced.

Appellant's br. at i. He then refines his argument as follows:

> The District Court Clearly Erred by Implicitly Accepting the Arresting
> Officer's Incredible Testimony Regarding Facts Crucial to the

2

Determination of Whether Mr. Powell Gave Consent for the Search.

The District Court Erred by Holding That Mr. Powell's Consent to Search (if Given) Was Not Coerced Even Though Two Officers were Positioned on Either Side of Mr. Powell's Car, a Police Dog and a Third Officer were at the Scene and It Was Undisputed that Mr. Powell Repeatedly Resisted Cpl. Burdette's Many Requests for Consent to Search.

Id. at i-ii.

After our review of this matter we find no basis to reverse the order denying his motion to suppress. As the government correctly points out, we review the district court's factual findings for clear error but review its application of the law to the facts on a plenary basis. See United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2004). Clearly, the evidence supported the factual predicate for the court's disposition of the case, and the court did not err legally in reaching its conclusion. Indeed, we are struck by the fact that Powell emphasizes that Officer Burdette's testimony was to the effect that after his initial discussion with Powell, Burdette told Powell that he was free to go even though Burdette wanted to search Powell's automobile. While Powell denies that Burdette said that he was free to go, we have no basis to hold that the officer was not truthful or to reject the district court's conclusions.

The judgment of conviction and sentence entered March 31, 2005, will be affirmed.