**Paul Lewis HAYES, Petitioner-Appellant,**

v.

**Henry COWAN, Warden,
Respondent-Appellee.**

**No. 76–1409.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 18, 1976.

Decided Dec. 30, 1976.

Paul F. Isaacs, Anna H. Isaacs, Jack Emory Farley, J. Vincent Aprile, II, Frankfort, Ky., for petitioner-appellant.

Robert F. Stephens, Atty. Gen. of Kentucky, Victor Fox, Robert L. Chenoweth, Frankfort, Ky., for respondent-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the denial of a petition for habeas corpus challenging confinement based on Hayes' conviction of being an habitual criminal under Kentucky's recidivist statute, K.R.S. § 431.190.[1] The district court referred the petition to a magistrate to determine whether leave to proceed *in forma pauperis* should be grant-

---

1. At the time of appellant's conviction the statute provided:

 *Conviction of felony; punishment on second and third offenses.* Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state.

It has since been repealed. According to § 532.080, which now regulates "persistent felony offender sentencing," the special sentence may be imposed only if, for each of two previous felony convictions, the sentence was at least one year; defendant was imprisoned under each such sentence before commission of the instant felony; and the offender was over eighteen years of age at the time he committed each offense. Petitioner would not have been subjected to enhanced sentencing under § 532.-080, because none of these conditions were satisfied.

ed pursuant to 28 U.S.C. § 1915(a). Although the magistrate ordered the petition filed and determined that petitioner's claims were not so frivolous that *in forma pauperis* leave should not be granted, nevertheless, he concluded that the contentions made were "patently without merit" and recommended that the petition be dismissed. The district court adopted the magistrate's conclusions and, instead of issuing an order to the respondent to show cause as provided in 28 U.S.C. § 2243, it dismissed the petition on the grounds that the mandatory life sentence imposed for the habitual criminal conviction did not constitute cruel and unusual punishment, that petitioner had not been arbitrarily selected for prosecution as an habitual criminal, and that the state prosecutor's decision to seek an habitual criminal indictment when petitioner refused to plead guilty to the charge of forgery in return for a recommendation of a five-year sentence was not an unconstitutional implementation of plea bargaining.

We issued a certificate of probable cause to permit an appeal when the district court, determining that an appeal would be frivolous and not taken in good faith, declined to do so. Because we conclude that petitioner was denied the due process of law by the prosecutor's tactics, we reverse.

The facts which led to petitioner's conviction and incarceration are not disputed.[2] On January 8, 1973, he was indicted for forgery of a check in the amount of $88.30 by a Fayette County, Kentucky grand jury. After arraignment, a pretrial conference was held with the state prosecutor. During this conference, the prosecutor offered to recommend a five-year sentence if Hayes would plead guilty. Petitioner was warned that if he did not plead guilty, he would be charged under the habitual criminal statute. He refused to plead guilty, but insisted on receiving a full trial. The prosecutor thereupon returned to the grand jury, and, on January 29, 1973, obtained a new indictment charging petitioner under the habitual criminal statute based upon the forgery as a third offense. Petitioner was convicted by a jury, and on the instructions of the judge, the mandatory life sentence for a third offense habitual criminal was imposed.[3]

We recognize that plea bargaining now plays an important role in our criminal justice system. In *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court approved the practice, and stated that plea bargaining helps to conserve judicial and prosecutorial resources in cases in which there is no substantial issue about the defendant's guilt. The Court has recognized, however, that there are limits to the tactics that a prosecutor may use in bargaining with defendants. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The Court has not yet had an opportunity to explore fully these limits, particularly in cases such as this, "where the prosecutor . . . deliberately employ[ed his] charging . . . powers to induce a particular defendant to tender a plea of guilty." *Brady*, 397 U.S. at 751 n.8, 90 S.Ct. at 1470.

---

2. These facts were admitted by the prosecutor during his cross-examination of appellant at the sentencing trial:

 . . . isn't it a fact that I told you if you did not intend to save the court the inconvenience and necessity of a trial and taking up this time that I intended to return to the grand jury and ask them to indict you based upon these prior felony convictions?

3. We expressed our disapproval of such practices in *Cunningham v. Wingo*, 443 F.2d 195, 198 n.1 (6 Cir. 1971). In that case we noted the findings of the President's Commission on Law Enforcement and Administration of Justice in *The Challenge of Crime in a Free Society* (1967):

"At the same time the negotiated plea of guilty can be subject to serious abuses. In hard-pressed courts, where judges and prosecutors are unable to deal effectively with all cases presented to them, dangerous offenders may ·be able to manipulate the system to obtain unjustifiably lenient treatment. There are also real dangers that excessive rewards will be offered to induce pleas *or that prosecutors will threaten to seek a harsh sentence if the defendant does not plead guilty.* Such practices place unacceptable burdens on the defendant who legitimately insists upon his right to trial. * * *" (Emphasis supplied.)

But it is clear that the legitimate purposes of plea bargaining are not served if a prosecutor abuses his powers in order to coerce an unwilling defendant into forgoing his constitutional right to trial.

The Supreme Court has held that defendants who assert procedural rights must be treated in a way that avoids any suggestion of vindictive or retaliatory motive. In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Court held that a defendant may not be subjected to a more severe penalty on retrial after a successful collateral attack against a conviction. The Court reasoned that due process requires that a defendant be free from fear of retaliatory action when he asserts procedural rights. Therefore a defendant may not be dealt with more harshly on retrial unless the permissible reasons therefor affirmatively appear.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Court applied the rule expressed in *Pearce* to protect defendants from the vindictive exercise of a prosecutor's discretion. In that case, a defendant in a misdemeanor prosecution had asserted his right to a trial de novo on appeal. Before the new trial, the prosecutor obtained a felony indictment against the defendant. The Court held that this tactic, if allowed, would deter defendants from asserting their procedural rights. The Court emphasized that the prosecution should not be allowed to behave in a manner that even suggests a retaliatory motive.

The concerns expressed in *Blackledge* have persuaded several lower courts to limit the prosecutor's discretion in related situations. In *United States v. Jamison*, 164 U.S.App.D.C. 300, 505 F.2d 407 (1974), the court reversed a conviction of first degree murder obtained after the defendants had been granted a mistrial during an earlier trial based on an indictment for second degree murder. In *United States v. De-Marco*, 401 F.Supp. 505 (C.D.Cal.1975), the court refused to allow prosecution of an indictment obtained after a defendant had asserted his right to a change of venue of a trial on an indictment charging less serious offenses. In *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976), the court held that a defendant cannot be tried on a felony indictment after he has refused to plead guilty to a misdemeanor, if no justification of the increase in severity of the charges is offered. See also *United States v. Gerard*, 491 F.2d 1300 (9th Cir. 1974); *United States v. Butler*, 414 F.Supp. 394 (D.Conn.1976); *Sefchek v. Brewer*, 301 F.Supp. 793 (D.Iowa 1969).

 We hold that a similar potential for impermissible vindictiveness exists when a prosecutor is allowed to bring an habitual offender indictment against a defendant who has refused to plead guilty to an indictment for the same unenhanced substantive offense. In this case the prosecutor does not assert that any event occurred between the issuance of the first indictment and the issuance of the second to influence his decision except petitioner's insistence upon his right to trial. There is no indication that the prosecutor, had he thought such an indictment proper, could not have included the habitual criminal charges in the original indictment.

 The Commonwealth urges that the entire concept of plea bargaining will be destroyed if prosecutors are not allowed to seek convictions on more serious charges if defendants refuse to plead guilty. We do not agree. Although a prosecutor may in the course of plea negotiations offer a defendant concessions relating to prosecution under an existing indictment, *see United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir. 1970), *cert. denied*, 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971), he may not threaten a defendant with the consequence that more severe charges may be brought if he insists on going to trial. When a prosecutor obtains an indictment less severe than the facts known to him at the time might permit, he makes a discretionary determination that the interests of the state are served by not seeking more serious charges. Cf. *United States v. Johnson*, 537 F.2d 1170 (4th Cir. 1976). Accordingly, if after plea negotiations fail, he then procures an indictment charging a more

serious crime, a strong inference is created that the only reason for the more serious charges is vindictiveness. Under these circumstances, the prosecutor should be required to justify his action. In this case, a vindictive motive need not be inferred. The prosecutor has admitted it.

Therefore we hold that due process has been offended by placing petitioner in fear of retaliatory action for insisting upon his constitutional right to stand trial. Accordingly, the dismissal of the petition is reversed and the case is remanded with instructions to order petitioner's discharge except for his confinement under a lawful sentence imposed solely for the crime of uttering a forged instrument.