**STATE of Iowa, Appellee,**

v.

**Larry Joe LONGBINE, Appellant.**

**No. 60667.**

Supreme Court of Iowa.

March 22, 1978.

Earl O. Wright, Kalona, for appellant.

Richard C. Turner, Atty. Gen., and Edwin F. Kelly, Jr., County Atty., for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of robbery with aggravation in violation of § 711.2, The Code, 1975. On the day the information was filed, defendant appeared and entered a plea of guilty. Some weeks thereafter, following receipt by the court of an elaborate presentence investigation, defendant was sentenced to incarceration for a term of 25 years at Fort Madison. He appeals, and we affirm.

The factual background of this case is not disputed. Defendant and three accomplices, all armed, entered a gun shop in rural Jefferson county, tied up a clerk and took approximately $50,000 worth of guns.

One of defendant's accomplices inadvertently left a bag of guns with his name on it at the scene of the crime which led to his arrest and consequently the arrest of defendant and the other accomplices. The names of all three accomplices appeared on the minutes of testimony appended to the county attorney's information indicating they would testify against the defendant.

The presentence report furnished the court indicates clearly defendant's record would support the filing of a charge of his being a habitual criminal. One issue is presented for review; namely, that the threat of the county attorney to file a charge against the defendant of being a habitual offender induced the defendant's plea of guilty to a robbery with aggravation charge already filed and constituted an impermissible use of the powers of the office of county attorney.

■ I. At the guilty plea hearing the only mention in the record of any reference to the threat to file a habitual offender charge against the defendant is as follows:

"THE COURT: May I also ask, gentlemen, is this plea a result of any plea bargaining?

"MR. WRIGHT: Your Honor, I have been bargaining with the county attorney's office in that as much as the county attorney could possibly bring the habitual offender act against the defendant, and the county attorney's office has agreed not to bring this other charge.

"MR. KELLY: Your Honor, Mr. Wright is correct. I've simply stated to him that we are filing no other criminal charges against the defendant but this particular charge."

The defendant contends the foregoing exchange demonstrates the county attorney abused his charging authority and obtained the defendant's plea of guilty to the robbery with aggravation charge by threatening to file a habitual criminal charge and that the court therefore erred in accepting defendant's guilty plea to the robbery with aggravation charge. Defendant states there is evidence of vindictiveness on the part of the county attorney in relation to the presentation to the court of the background facts of the case. We find no merit in defendant's contention in this regard.

■ II. Even assuming defendant was threatened by the county attorney with the filing of additional charges in order to induce his plea of guilty to the information charging him with robbery with aggravation, there is still no merit in defendant's position. Defendant relies on *Hayes v. Cowan*, 547 F.2d 42 (6 Cir. 1976), in which the Circuit Court of Appeals reversed the conviction of the defendant on due process grounds when the prosecution carried out a threat made during plea bargaining negotiations to charge the defendant as a habitual criminal if the defendant persisted in pleading not guilty to the charges in the original indictment. The United States Supreme Court granted certiorari in *Hayes* and reversed the decision of the Sixth Circuit Court. *Bordenkircher v. Hayes* (decided January 18, 1978), —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604. In *Bordenkircher*, the Supreme Court held, "that the course of conduct engaged in by the prosecutor * *, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment."

Cases in this jurisdiction seem to be in line with the reasoning in *Bordenkircher v. Hayes*. We have said that while involuntary guilty pleas are not acceptable, the fact that a plea was induced by the possibility of a more serious charge does not render the plea involuntary. *Brewer v. Bennett*, 161 N.W.2d 749, 751 (Iowa 1968). We have also said "a guilty plea does not lose its validity because it represents a voluntary and intelligent choice among alternative courses of action open to an indicted accused." *State v. Dee*, 218 N.W.2d 561, 563 (Iowa 1974). So even if the record can be read as indicating a threat by the county attorney against the defendant by presenting alternative courses of action to the defendant depending on his plea, we are not persuaded such conduct violated the defend-

ant's right to due process of law under the Fourteenth Amendment of the United States Constitution and did not render the plea involuntary.

In sum, we find nothing in the record to indicate the defendant was "threatened" by the county attorney with the filing of additional charges if he refused to plead guilty to the robbery with aggravation charge. In the light of *Bordenkircher v. Hayes* we incline to the view that even if such "threats" had been made that said conduct was not violative of defendant's right to due process of law. We therefore affirm the trial court.

AFFIRMED.

All Justices concur, except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

I agree the record does not show defendant was threatened with an habitual criminal charge if he did not plead guilty, and I agree *Bordenkircher v. Hayes,* —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), holds such a threat does not alone infringe due process under the fourteenth amendment of the United States Constitution.

However, defendant also relies on Ia. Const. Art. I § 9, which is a state guarantee of due process. We are not bound by *Bordenkircher* in applying our state constitution. In an appropriate case we might well desire to adopt the position of the four dissenting justices in *Bordenkircher* in construing the state due process clause. This is not such a case because the record does not show the alleged threat or its circumstances. Consequently it is not necessary to decide the state constitutional issue, and I take it we are not deciding it today.