# IN THE COURT OF APPEALS OF IOWA

No. 15-0014
Filed April 27, 2016

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**NICHOLAS THORNE WIREMAN,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

A defendant appeals following his *Alford* pleas to two counts of possession with intent to deliver controlled substances while in possession of a firearm. **AFFIRMED.**

Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Heard by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Nicholas Wireman challenges his *Alford*[1] pleas to one count of possession of mushrooms with intent to deliver while in possession of a firearm and one count of possession of marijuana with intent to deliver while in possession of a firearm. Wireman claims his plea was not voluntary because (1) the State amended the trial information to change the charged lysergic acid diethylamide (LSD) offense, which was subsequently dismissed, from a class "C" to a class "B" felony on the morning of trial and (2) his wife's plea agreement with the State was contingent on his pleas. He also asserts his trial counsel rendered ineffective assistance in (1) failing to object to the amendment to the trial information and (2) not objecting to the package plea deal and instead advising Wireman to accept the offer. We affirm.

## I. Background Facts and Proceedings

On March 18, 2011, officers of the Cedar Falls Police Department executed a search warrant at the apartment Wireman shared with his wife, Jessica Smith. The officers found marijuana, LSD, psilocin mushrooms, prescription pills, cash, a digital scale, packaging materials, drug paraphernalia, an AK-47 semiautomatic rifle, a loaded twenty-gauge shotgun, a twelve-gauge shotgun, and various ammunition in Wireman and Smith's shared bedroom and a shared common area accessible to their young children. The officers arrested Wireman and Smith.

---

[1] An *Alford* plea allows a defendant to "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence" without admitting "participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

On April 29, the State filed a trial information charging Wireman and Smith as codefendants and coconspirators with one count of possession of LSD with intent to deliver, a class "C" felony, in violation of Iowa Code section 124.401(1)(c) (2011) (count I);[2] one count of possession of psilocin mushrooms with intent to deliver, a class "C" felony, in violation of section 124.401(1)(c) (count II); and one count of possession of marijuana with intent to deliver, a class "D" felony, in violation of section 124.401(1)(d) (count III). All charges were enhanced by possession of a firearm, in violation of section 124.401(1)(e), which doubled the applicable maximum sentences.

On April 8, 2014, while awaiting jury selection for trial, the State orally amended the trial information, correcting the code section for count I to section 124.401(1)(b)(5) and the classification to a class "B" felony. The State offered a plea agreement, which provided Wireman would plead guilty to counts II and III immediately and plead guilty to count I without the firearm enhancement at the time of sentencing on all three counts.[3] In exchange, Wireman would receive a suspended twenty-five-year sentence on count I, a twenty-year sentence on count II, and a ten-year sentence on count III, all to run concurrently. Additionally, Wireman would have all fines suspended and would not be subject to any mandatory minimums. The State also indicated it would offer a plea deal

---

[2] The complaint, dated March 19, 2011, accuses Wireman and Smith of conspiracy to distribute LSD while in the immediate possession of a firearm (total weight less than ten grams), in violation of Iowa Code section 124.401(1)(b)(5). The original trial information classifies the charge of possession of LSD as a class "C" felony and cites section 124.401(1)(c). On April 8, 2014, the State orally requested an amendment of the trial information to reflect the correct classification as a class "B" felony and code section as section 124.401(1)(b)(5); Wireman did not object.

[3] The State crafted the plea agreement regarding Wireman's guilty plea to count I so that he could delay being taken into custody until sentencing, which was to be scheduled for four weeks later.

to Smith,[4] but the offer was conditioned on Wireman's acceptance of his own plea deal. Wireman accepted the plea agreement, entered an *Alford* plea of guilty to counts II and III, and agreed to enter an *Alford* plea to count I at the time of sentencing.

At the September 29, 2014 sentencing hearing, Wireman refused to enter an *Alford* plea to count I and claimed he had been "misled and lied to and bullied into" accepting the plea agreement. The district court continued sentencing and appointed new counsel for Wireman. At the second sentencing hearing on December 19, the court sentenced Wireman to a prison term of twenty years on count II and ten years on count III, to run concurrently, and suspended all fines. The court also ordered Wireman to pay all surcharges and court costs, and revoked his license. The court dismissed count I on the State's motion. Wireman appeals.

## II.    Error Preservation

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."); Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such

---

[4] The plea agreement offered to Smith provided that she would enter *Alford* pleas to all counts charged, without the firearm enhancements, and receive suspended sentences and fines on all counts, plus fees, surcharges, and a license revocation. Smith accepted the plea offer and entered *Alford* pleas of guilty to counts II and III without the firearm enhancement and with the expectation that she would enter an *Alford* plea to count I at the time of sentencing.

challenge on appeal."). However, before we will penalize a defendant for failing to file the motion in arrest of judgment, the district court must have informed the defendant of the obligation to file the motion and the consequences of failing to file the motion. *See Meron*, 675 N.W.2d at 540; Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.").

Wireman did not file a motion in arrest of judgment here. The State concedes the plea colloquy contained no discussion of the requirement that Wireman must file a motion in arrest of judgment to challenge his plea or the consequences for failing to do so. Because the court failed to advise Wireman pursuant to rule 2.8(2)(d), Wireman is relieved of the requirement to file the motion in arrest of judgment in order to challenge his guilty plea on appeal. *See Meron*, 675 N.W.2d at 541. Thus, we need not consider Wireman's alternative claim trial counsel provided ineffective assistance in failing to file a motion in arrest of judgment.

### III. Standards of Review

"We generally review a defendant's challenge to a guilty plea for correction of errors at law." *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). However, a claim that a guilty plea was not entered voluntarily is reviewed de novo because it implicates the Due Process Clause of the Fourteenth Amendment. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003).

## IV. Analysis

We now turn to the merits of Wireman's claims. At the plea hearing, Wireman stated that other than the plea agreement offered by the State, he had not received any threats or promises persuading him to plead guilty. Wireman now argues his *Alford* pleas were not voluntary because (1) the State amended the trial information on the day set for trial to reflect that count I was not a class "C" but instead a class "B" felony, which carried a longer sentence; and (2) the State refused to extend a plea offer to his wife unless he accepted his offer and pled guilty.

"A defendant's plea of guilty is a serious act that he or she must do voluntarily, knowingly, and intelligently with an awareness of the relevant circumstances and consequences." *Utter*, 803 N.W.2d at 651. "To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea." *State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) (quoting *State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001)). A guilty plea is not voluntary if it is induced by undue influence, fraud, or coercion. *State v. Hellickson*, 162 N.W.2d 390, 394 (Iowa 1968). However, the law does not require a defendant act "of his own free will," but rather, a defendant "may elect to plead guilty to a lesser offense when he is also charged with a more serious offense" and his plea will not be considered coerced. *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (quoting *State v. Lindsey*, 171 N.W.2d 859, 865 (Iowa 1969)); *see also State v. Longbine*, 263 N.W.2d 527, 528 (Iowa 1978) ("[T]he fact that a plea was induced by the possibility of a more serious charge does not render the plea involuntary."). The question before us is "whether in the

circumstances of this case the inducement for the guilty plea was one which necessarily overcame [Wireman]'s ability to make a voluntary decision." *State v. Whitehead*, 163 N.W.2d 899, 903 (Iowa 1969) (quoting *Cortez v. United States*, 337 F.2d 699, 701 (9th Cir. 1964)).

### A. Amendment of the Trial Information

Wireman argues he was unduly influenced into accepting the State's plea offer because, on the day set for trial, the State amended the trial information, changing count I from a class "C" to a class "B" felony—effectively increasing his potential sentence by another thirty years.[5]  The State contends Wireman had notice count I charged him with a class "B" felony because the offense charged— possession of less than ten grams of LSD with intent to deliver—is always a class "B" felony.  *See* Iowa Code § 124.401(1)(b)(5).  For support, the State notes the original trial information included the correct title of the code section even though it did not cite the correct section number.[6]

Pursuant to Iowa Rule of Criminal Procedure 2.4(8)(a), a court may order the trial information amended "either before or during the trial . . . to correct errors or omissions in matters of form or substance," so long as "(1) substantial rights of the defendant are not prejudiced [by the amendment], and (2) a wholly new or different offense is not charged."  *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997).

---

[5] The trial information originally cited Iowa Code section 124.401(1)(c), providing the offense was a class "C" felony, carrying a maximum ten-year sentence under section 902.9(1)(d), doubled to a twenty-year maximum with the firearm enhancement under section 124.401(1)(e).  After the State amended the trial information to correct the code section for possession of ten grams or less of LSD with intent to deliver to section 124.401(1)(b)(5), providing the offense was a class "B" felony, Wireman faced a twenty-five-year sentence under section 902.9(1)(b), which was doubled to a fifty-year maximum pursuant to the firearm enhancement under section 124.401(1)(e).

[6] The complaint filed March 19, 2011, correctly cited section 124.401(1)(b)(5).

In determining whether a "wholly new or different offense" is charged, the *Maghee* court considered that

> the original charges and the amended charges involve[d] violations of the same code section: Iowa Code section 124.401(1) [(1993)]. This provision contains the base prohibition that no one shall manufacture, deliver, or possess with the intent to manufacture or deliver certain controlled substances or conspire to do so. The elements under the original or amended charges are therefore the same.

*Id.* The *Maghee* court thus concluded the amendment changing the charged offenses from a class "C" to a class "B" felony "did not charge a 'wholly new or different offense,'" but rather "charged the same offense . . . resulting in a potentially more severe sentence." *Id.*

Here, the original trial information charged Wireman with a class "C" felony in violation of section 124.401(1)(c) (2011). The State amended the trial information, correcting the citation of the charged offense to section 124.401(1)(b)(5), a class "B" felony. The amendment "result[ed] in a potentially more severe sentence" but effectively "charged the same offense" under section 124.401, which prohibits possession of a controlled substance with the intent to deliver the substance. *See id.* Accordingly, we find the State's amendment did not charge "a wholly new or different offense." *See* Iowa R. Crim. P. 2.4(8)(a); *see also Maghee*, 573 N.W.2d at 5.[7]

---

[7] Moreover, the Iowa Rules of Criminal Procedure do not "explicitly require the State to charge the defendant with a specific paragraph." *State v. Dalton*, 674 N.W.2d 111, 120 (Iowa 2004). This court has previously held that even when the "trial information misstate[s] both the type of controlled substance [the defendant] allegedly delivered, and the applicable subparagraph of section 124.401(1)," the defendant will be considered "properly charged with a violation of Iowa Code section 124.401." *State v. Brisco*, 816 N.W.2d 415, 419 (Iowa Ct. App. 2012).

The remaining question then is whether the amendment prejudiced Wireman's "substantial rights." *See Maghee*, 573 N.W.2d at 6. "An amendment prejudices the substantial rights of the defendant if it creates such surprise that the defendant would have to change trial strategy to meet the charge in the amended information." *Id.* (citing *State v. Fuhrmann*, 257 N.W.2d 619, 624 (Iowa 1977)).

The record shows the minutes of testimony attached to the original trial information put Wireman on notice the State considered his offense to be a class "B" felony. Additionally, the original complaint alleged: "[Wireman] is accused of the crime of Conspiracy to Distribute Lysergic Acid Diethylamide (LSD) while in Immediate Possession of a Firearm . . . in violation of: [section] 124.401(1)(b)(5)." Clearly, Wireman was on notice the State was pursuing the charge of possession of LSD with intent to deliver while in the immediate possession of a firearm in count I, which is a class "B" felony. Therefore, we determine the amendment did not surprise Wireman and find his substantial rights were not prejudiced. *See* Iowa R. Crim. P. 2.4(8)(a).

Accordingly, we conclude the State's amendment to the trial information neither charged a wholly new or different offense nor prejudiced the substantial rights of Wireman, and thus, his plea was voluntary and without undue influence or coercion. *See Hellickson*, 162 N.W.2d at 394; *see also Maghee*, 573 N.W.2d at 5–6.

Wireman also appears to argue his counsel provided ineffective assistance in failing to object to the amendment to the trial information. To succeed on a claim of ineffective assistance of counsel, Wireman must show "by

a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to the claim. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006). In examining Wireman's claims, we presume his trial attorney performed his duties competently. *See Thorndike*, 860 N.W.2d at 320. We review claims of ineffective assistance of counsel de novo. *Id.* at 319. As noted above, Wireman was on notice he was being charged with a class "B" felony in count I prior to the State's oral amendment. Furthermore, Wireman never pleaded guilty to count I, and the State ultimately dismissed the charge. Wireman was not prejudiced by the amendment on the day of trial, and therefore, counsel was not ineffective in failing to object to the amendment to the trial information.

### B. Package Plea Deal

Wireman argues the State's refusal to offer his wife, codefendant Smith, a plea deal unless Wireman accepted his plea offer from the State, amounted to undue influence, and therefore, his plea was involuntary. Wireman does not argue that all package plea deals are involuntary per se, thus we need not decide this issue.[8] The State contends the conditional offer of leniency extended to Smith did not undermine the voluntariness of his *Alford* pleas.

---

[8] The State urges us to reach the issue and cites numerous federal and out-of-state cases in support of its argument that "a package deal plea agreement does not automatically undermine the voluntariness of a guilty plea."

In general, federal circuit courts examining similar package plea deals involving immediate family have held conditional promises of leniency do not automatically render a guilty plea involuntary. *See, e.g.*, *United States v. Marquez*, 909 F.2d 738, 741–42 (2d Cir. 1990) (holding the defendant's plea was voluntary despite the prosecutor's offer of leniency to defendant's wife being conditioned on his pleading guilty and discussing other federal circuit court cases concluding the same); *see also United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003) (holding plea was voluntary even though "the government would only agree to more lenient treatment for his brother if Gamble himself pleaded guilty"). Numerous state courts have also held a defendant's plea deal may be voluntary even when the state's offer of leniency to an immediate family member is contingent upon the defendant pleading guilty. *See, e.g.*, *Stinson v. State*, 839 So. 2d 906, 908–09 (Fla. Dist. Ct. App. 2003) (holding the government's offer to the defendant of leniency for his codefendant brother in exchange for a guilty plea and agreed sentence of thirty years in prison did not render the plea involuntary); *see also In re Ibarra*, 666 P.2d 980, 986–87 (Cal. 1983), *abrogated on other grounds by People v. Mosby*, 92 P.3d 841 (Cal. 2004) (requiring a court to conduct "an inquiry into the totality of the circumstances whenever a plea is taken pursuant to a 'package-deal' bargain" considering the following factors: (1) "whether the inducement for the plea is proper" and the prosecutor has "a reasonable and good faith case against the third part[y] to whom the leniency is promised"; (2) "the factual basis for the guilty plea"; (3) "the nature and degree of coerciveness," including any special relationship between the defendant and the third party and the presence of any psychological pressures or specific threats;

(4) whether "the promise of leniency to a third party was an insignificant consideration by a defendant in his choice to plead guilty"; and (5) any other relevant factor, including "the age of the defendant, whether defendant or the prosecutor had initiated the plea[] negotiations, and whether charges have already been pressed against a third party" (citations omitted)); *State v. Salvetti*, 687 S.E.2d 698, 707–08 (N.C. Ct. App. 2010) (holding the prosecutor's offer of leniency to the defendant's wife, which was made contingent on the defendant's pleading guilty, did not render the defendant's guilty plea involuntary).

We recognize the State's offer of leniency to Smith may well have been an important consideration influencing Wireman's decision to enter an *Alford* plea, but it was not the only consideration he received. *See State v. Anderson*, No. 03-0458, 2004 WL 794484, at *6 (Iowa Ct. App. Apr. 14, 2004). Wireman received additional, significant consideration for his plea deal, including having his sentences on counts II and III run concurrently; having all of his fines suspended; having his convictions not be subject to any mandatory minimums; and having the ability to plead guilty to count I without the firearm enhancement at a later date and avoid being immediately taken into custody pending the sentencing hearing.[9] *See Harmon v. Mohn*, 683 F.2d 834, 837 (4th Cir. 1982) (stating benefit to wife was not sole benefit, but even if it were, since there was probable cause for charges against wife and no indication of bad faith by prosecutor, plea would be upheld). Here, the record shows there was probable cause for the charges against Smith, and there is no indication of bad faith by the

---

[9] In fact, Wireman received even more of a benefit than he bargained for in the plea agreement when the State eventually dismissed count I entirely "to assure that the defendant [did] not get a more severe sanction than was initially bargained for."

prosecutor. Further, the court asked Wireman whether he had received any threats or promises other than the plea agreement that persuaded him to plead guilty, and Wireman stated he had not. Accordingly, we cannot determine Wireman's plea was involuntary simply because the State conditioned its offer of leniency to his wife on Wireman pleading guilty. *See Kent v. United States*, 272 F.2d 795, 798–99 (1st Cir. 1959) ("If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments.").

Wireman also seems to argue his trial counsel provided ineffective assistance in failing to object to the package plea deal as coercive or unduly influential and in subsequently advising Wireman to accept the offer. As noted above, Wireman must show counsel failed to perform an essential duty and prejudice resulted. *See Thorndike*, 860 N.W.2d at 320. The record shows Wireman received significant consideration for his plea deal other than the offer of leniency to his wife. Thus, we cannot conclude Wireman suffered prejudice as a result of any failure of his counsel in objecting to the package plea deal or in allowing Wireman to accept the plea offer.

We conclude Wireman voluntarily entered his *Alford* pleas to two counts of possession with intent to deliver controlled substances while in possession of a firearm and affirm.

**AFFIRMED.**