# IN THE COURT OF APPEALS OF IOWA

No. 15-1493
Filed September 14, 2016

**RONALD JAMES TAYLOR,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Buena Vista County, Carl J. Petersen, Judge.


     Ronald Taylor appeals from the denial of his application for postconviction relief seeking to overturn his convictions upon entry of *Alford* pleas to two counts of lascivious acts with a child. **AFFIRMED.**


     Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, for appellant.

     Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.


     Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Ronald Taylor appeals from the denial of his application for postconviction relief (PCR) seeking to overturn his convictions upon entry of *Alford* pleas[1] to two counts of lascivious acts with a child, class "C" felonies, in violation of Iowa Code sections 708.8(1), and 702.5 (2011). Taylor asserts his trial counsel rendered ineffective assistance in failing to sufficiently investigate prior to trial, ensure Taylor's *Alford* pleas were knowing and voluntary, and present sufficient evidence in support of the motion to withdraw the *Alford* pleas. Taylor also asserts appellate counsel was ineffective in failing to challenge the district court's denial of posttrial motions on direct appeal. Because we find trial and appellate counsel did not render ineffective assistance, we affirm.

**I. Background Facts and Proceedings.**

On November 7, 2011, Taylor was charged by trial information with four counts of second-degree sexual abuse, class "B" felonies, based on allegations he committed sex acts with a minor between June 2010 and March 2011. The matter proceeded to trial on March 13, 2012. After jury selection but prior to the start of testimony, the State advised Taylor it intended to file additional charges involving other known victims if Taylor proceeded to trial, and it offered Taylor an opportunity to plead guilty. After deliberation with his attorney and wife, Taylor expressed to the court a desire to enter *Alford* pleas to counts I and II. The State agreed to amend counts I and II to the lesser charges of lascivious acts with a child, dismiss counts III and IV, refrain from filing charges involving other alleged victims, and dismiss a pending contempt charge. Taylor presented two signed

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

*Alford* pleas, the court completed a colloquy, and the pleas were accepted to counts I and II as amended.

Taylor filed a motion to withdraw the *Alford* pleas on April 2, 2012, and a motion in arrest of judgment on April 9, 2012. Both motions were denied. Judgment and sentence were entered on July 30, 2012. The district court sentenced Taylor to concurrent terms of incarceration not to exceed ten years on each count. Taylor's first appeal raised only the issue of restitution and was dismissed as premature. Taylor's second appeal was dismissed for lack of jurisdiction on issues not raised in and unrelated to the first appeal.

Taylor filed the PCR application on April 15, 2013, and an amendment to the PCR application on March 5, 2015, claiming Taylor was denied effective assistance by trial and appellate counsel. After a PCR hearing held May 21, 2015, the district court denied Taylor's PCR application in an August 28, 2015 order. Taylor now appeals.

## II. Standard of Review.

"We normally review postconviction proceedings for errors at law." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Applications for postconviction relief that allege ineffective assistance of counsel, however, raise a constitutional claim, which we review de novo. *Id.*

## III. Analysis.

To be successful on his claim for ineffective assistance, Taylor "must satisfy the *Strickland* test[2] by showing '(1) counsel failed to perform an essential

---

[2] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citation omitted).

*A. Failure to Investigate.* Taylor asserts trial counsel was ineffective in failing to obtain a picture of the tattoo on Taylor's back, Taylor's dental records, and testing of Taylor's truck seat prior to the start of trial. Taylor contends these pieces of evidence were necessary to contradict the victim's statements and prove his innocence.

Specifically, Taylor contends a picture of the tattoo on his back was necessary to contradict the victim's statements that she saw Taylor without a shirt on during the assault and he did not have a tattoo. Also, Taylor's argues the dental records were needed to show that Taylor had dentures at the time of the assault and could not have had a tooth knocked out by the victim as she stated. Taylor also claims testing of the truck seat was necessary to show an assault did not occur in the truck as the victim alleged.

Trial counsel explained during the PCR hearing that he had not obtained a picture of Taylor's tattoo or Taylor's dental records because he planned to ask Taylor at trial to remove his shirt to show the tattoo and to take out his dentures. The PCR court determined:

> Although it is unusual to have a witness take off his shirt or take out his dentures during trial, this court cannot say it was an unreasonable trial strategy. Had Taylor gone to trial, the defense would have needed to cast doubt on the victim's statements to [the department of human services]. It may have been more professional to take a picture and obtain the [dental] records, but [trial counsel]'s strategy, nonetheless, would have been just as effective.

The PCR court also found trial counsel's failure to complete DNA testing did not constitute ineffective assistance:

> Taylor also wanted [trial counsel] to have the carpet from the bedroom floor and his pick-up truck [seat] analyzed for his DNA. . . . [Trial counsel] could have had multiple reasons as to why he did not have the carpet tested. First, there was other exonerating evidence. . . . Second, [trial counsel] may not have wanted to risk having the carpet tested for Taylor's DNA and having it come back positive. It is a risk that a reasonable attorney would have to weigh.

We agree with the PCR court that trial counsel had strategic reasons for not pursuing the pretrial investigation now sought by Taylor. Trial counsel's failure to obtain a picture of the tattoo or the dental records did not prejudice Taylor because trial counsel had an alternative strategy to present the same facts at trial. Further, it was reasonable for trial counsel to forgo testing of the truck seat to avoid the potential discovery of incriminating evidence when there was already exonerating evidence available. We conclude trial counsel "conduct[ed] a reasonable investigation or ma[de] reasonable decisions that ma[de] a particular investigation unnecessary," *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001), and did not render ineffective assistance in that regard.

*B. Failure to Ensure Knowing and Voluntary Pleas.* Taylor also contends trial counsel was ineffective in failing to ensure Taylor knowingly and voluntarily entered the *Alford* pleas. Taylor argues he advised trial counsel that he believed the State's offer—to refrain from filing additional charges involving other known victims if he entered the *Alford* pleas—constituted a threat. Taylor asserts trial counsel was ineffective in allowing him to enter the *Alford* pleas that were induced by a threat and that such pleas were not knowing or voluntary.

However, the prosecutor's offer to refrain from filing additional charges was not an improper threat. *See State v. Longbine*, 263 N.W.2d 527, 528 (Iowa 1978) ("[T]he fact that a plea was induced by the possibility of a more serious charge does not render the plea involuntary."); *Parrott v. Haugh*, 158 N.W.2d 766, 770 (Iowa 1968) ("[A] plea of guilty is not rendered involuntary by the fact it was partly induced by the possibility a more serious charge might be prosecuted."); *see also State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (stating "Speed's concern that he must choose between trial on a murder charge and pleading guilty to a lesser charge has no bearing upon the voluntariness of his plea"). Because the offer was not an improper threat, trial counsel did not fail to perform an essential duty by failing to raise concern regarding the threat before the court.

Also, Taylor gave both oral and written affirmation that his pleas were not entered as a result of improper threats or promises. During the plea-taking colloquy, the court asked Taylor, "Have any threats or promise been made by any law enforcement officer to induce you to enter your pleas of guilty?" Taylor responded, "No, Your Honor." Further, each written *Alford* plea contained a section titled advisory of discretion of court, which stated in part, "I acknowledge that I am entering this *Alford* plea as my own voluntary and informed act because of all the reasons indicated on page three, below. I am not entering this plea because of any threats of severe sentence or additional prosecution or any other promises or threats." Taylor signed both written *Alford* pleas.

Taylor contends he did not understand the court's question in the colloquy to include the prosecutor as a "law enforcement officer" and did not express

concern of the threat of additional prosecution to the court because of this misunderstanding. However, Taylor was advised by the court to consult his attorney if he did not understand any of the questions, and Taylor did not indicate he did not understand the question regarding threats or promises. Taylor also claims he did not read the written *Alford* pleas before signing them and was unaware of their terms. However, at the PCR hearing, trial counsel testified he extensively reviewed the written pleas with Taylor prior to signing. We find Taylor has not overcome the presumption that the *Alford* pleas were voluntarily entered. *See State v. Bringus*, No. 15-0478, 2016 WL 903161, at *2 (Iowa Ct. App. Mar. 9, 2016) ("The record at a plea hearing presumptively reflects the facts. Where a defendant challenges the voluntariness of a plea, but had asserted the plea was voluntary at the plea hearing, the defendant must overcome that presumption." (citations omitted)). Thus, Taylor has failed to establish trial counsel failed in an essential duty.

Additionally, we find no ineffective assistance because Taylor has not shown prejudice. Taylor may have considered the potential for other charges to be filed in deciding whether to accept the plea offer, but it was not the sole consideration. Taylor testified at the PCR hearing that he was not afraid of the threat of additional prosecution:

> Q. So why did you enter *Alford* pleas that day? A. For one I was scared because when [trial counsel] was telling me that without the evidence that I would not be able to—there's a good chance I would not be able to win the jury; that I would not be able to win the trial; that without—without this we won't be able to go. I didn't care about the threat. That was the last of my worries.

Moreover, in exchange for entering the *Alford* pleas, the State amended counts I and II to the lesser charges of lascivious acts with a child, dismissed counts III and IV, dismissed the pending contempt charge, and Taylor received a significantly shorter prison sentence than what was possible under the four counts originally charged.

Taylor has not shown "there is a reasonable probability that, but for counsel's errors, he . . . would not have [pled] guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). Thus, Taylor has not established the requisite prejudice to support the ineffective-assistance-of-counsel claim.

*C. Failure to Present Sufficient Evidence.* Taylor also claims trial counsel was ineffective in failing to present sufficient evidence in support of the motion to withdraw the *Alford* pleas. However, this issue was not ruled on by the PCR court, and Taylor did not file a motion requesting a ruling on the issue. *See* Iowa R. Civ. P. 1.904(2). Therefore, this claim is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. . . . When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

*D. Failure of Appellate Counsel to Challenge Trial Court's Denial of Posttrial Motions.* Last, Taylor argues appellate counsel was ineffective in failing to properly raise challenges to the trial court's denial of the motion to withdraw

and motion in arrest of judgment on direct appeal. However, "[t]o prove appellate counsel's deficient performance resulted in prejudice, the applicant must show his [ineffective-assistance-of-trial-counsel] claim would have prevailed if it had been raised on direct appeal." *Ledezma*, 626 N.W.2d at 142. Because we have determined trial counsel was not ineffective, appellate counsel's failure to raise the challenges on direct appeal did not result in prejudice.

Further, Taylor did not suffer prejudice because the district court did not abuse its discretion in denying Taylor's meritless requests to withdraw the *Alford* pleas. *See State v. Hellickson*, 162 N.W.2d 390, 395 (Iowa 1968) ("[T]he rule is clear that if an accused, with full knowledge of the charge against him, and of his rights and consequences of a plea of guilty, then enters such a plea, the court may, absent abuse of discretion, refuse to permit its withdrawal.").

**IV. Conclusion.**

Because we find trial counsel and appellate counsel did not render ineffective assistance, we affirm.

**AFFIRMED.**